Richard B. Myers, OSB No. 131264
richard@bennetthartman.com
BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204-3149
Telephone: (503) 546-9623
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SAMANTHA WOODY and NICOLE URVINA,<br><br>Plaintiffs,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>Defendant. | Case No.: 3:22-cv-01800<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Failure to pay wages and unauthorized wage withholdings (ORS 652.120, ORS 652.140, and ORS 652.610)<br><br>DEMAND FOR JURY TRIAL |

SUMMARY STATEMENT

1. Plaintiffs Samantha Woody and Nicole Urvina (collectively "Plaintiffs") bring this action on behalf of themselves and all similarly situated current and former employees of Fred Meyer Stores, Inc. Plaintiffs allege that Fred Meyer Stores, Inc. activated a new payroll system in September 2022 that caused widespread pay errors in

Page 1 - COMPLAINT

violation of Oregon wage laws.

## JURISDICTION AND VENUE

2.  Jurisdiction lies pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $5,000,000 and is between citizens of different states.

3.  Venue is proper pursuant to 28 U.S.C. § 1391 because the claims alleged in this action are based upon events and omissions that substantially occurred in this judicial district.

## PARTIES

4.  Plaintiff Samantha Woody ("Woody") is a resident of the State of Illinois, County of Will. Woody was employed by Fred Meyer beginning on or around June 1, 2022, and ending on or around October 27, 2022. Woody worked for Fred Meyer in the e-commerce department at its store at 7700 SW Beaverton-Hillsdale Highway, Portland, Oregon 97225.

5.  Plaintiff Nicole Urvina ("Urvina") is a resident of the State of Oregon, County of Jackson. Urvina has been employed by Fred Meyer since on or around October 16, 2012. Urvina currently works for Fred Meyer in the meat department at its store at 1301 Center Drive, Medford, Oregon 97501.

6.  Defendant Fred Meyer Stores, Inc. ("Fred Meyer") is a chain of retail grocery stores incorporated under the laws of the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202. In addition to conducting

business under the Fred Meyer brand name, Fred Meyer conducts business in the State of Oregon under the assumed business names of Inter-American Products, Quality Food Centers, and Swan Island Dairy.

## CLASS ACTION ALLEGATIONS

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek to have this action maintained as a class comprised of all hourly paid, non-exempt employees of Fred Meyer who were employed on or after activation of the new payroll system ("Class"). Plaintiffs further propose subclasses of the following:

   a. All hourly paid, non-exempt employees who are currently employed with Fred Meyer and have maintained continuous employment with Fred Meyer since activation of the new payroll system ("Employed Subclass"); and

   b. All hourly paid, non-exempt employees whose employment with Fred Meyer ended on or after activation of the new payroll system ("Terminated Subclass").

8. Upon information and belief, there are over 10,000 persons in the Class. Individual members of the Class are so numerous that joinder of all of them is impracticable.

9. Plaintiffs' claims raise questions of law and fact common to the Class and that predominate over questions affecting individual members of the Class, including

but not limited to:

    a.    Whether Fred Meyer paid all wages owed to members of the Class at established regular paydays and at the end of employment as required by ORS 652.120 and ORS 652.140, respectively;

    b.    Whether Fred Meyer had knowledge that pay errors were likely to occur after activation of the new payroll system such that the failure to pay was "willful" as that term is used in ORS 652.150; and

    c.    Whether Fred Meyer's new payroll system caused systemic reduction or withholding of wages in violation of ORS 652.610, and, if so, the appropriate relief for such reductions or withholdings under ORS 652.615.

10.    Plaintiffs' claims are typical of the claims of individual members of the Class.

11.    Plaintiffs have retained the undersigned counsel who is competent and experienced in litigating class actions, including class action wage claims. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

12.    A class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Fred Meyer's compliance with Oregon wage laws and the appropriate relief for affected employees.

13.    The expense and burden required to pursue this litigation will likely

exceed the damages suffered by many of the individual members of the Class.

14. The members of the Class have incurred damages and are entitled to recovery as a result of Fred Meyer's common and uniform acts and practices alleged in this action.

15. A class action is superior to all other available methods for the fair and efficient adjudication of these claims, particularly since many individual members of the Class may as yet be unaware that they have not been fully compensated for their time worked.

## FACTS COMMON TO ALL CLAIMS

16. On or around September 2022, Fred Meyer activated a system of human resources programs and software commonly referred to as an "enterprise resource planning" or "ERP" system. As part of its new ERP system, Fred Meyer activated a new payroll system for its hourly paid, non-exempt employees in Oregon.

17. The new payroll system has caused widespread pay errors for Plaintiffs and members of the Class, including but not limited to: (1) missing or late paychecks, (2) canceled direct deposits, (3) incorrect payment of wages, (4) incorrect recording of hours worked, (5) incorrect deductions or withholdings from wages, (6) incorrect or missing statements of deductions or withholdings, and (7) delayed disbursement of deductions or withholdings to the appropriate recipients.

18. Fred Meyer knew, or should have known, in advance of activating the

new payroll system that it would cause widespread pay errors. Given the magnitude of the system change and examples of pay problems from other companies that have made similar system changes, the errors with the new payroll system could have been predicted. Further, Fred Meyer did not conduct adequate planning and testing to ensure that members of the Class would be accurately paid.

19. The errors in Fred Meyer's new payroll system have been so widespread and severe that many members of the Class have gone weeks without any pay. Instead of promptly correcting the wage errors, Fred Meyer has issued prepaid debit cards to some members of the Class whom it deems have been most affected. The prepaid debit cards do not reflect the amounts of wages actually owed to members of the Class. Moreover, members of the Class who are less affected have not received prepaid debit cards and have not been told when they will be paid back wages. Many members of the Class have resorted to getting pay advances from third party payday lenders.

20. Many members of the Class have not had access to paystubs that show their time worked, their corresponding pay, and an itemized statement of deductions. Combined with ongoing pay errors, this has caused significant financial uncertainty for members of the Class.

21. As a result of not being paid their wages and not receiving itemized statements of deductions, many members of the Class have stopped coming to work or have resigned their employment. Members of the Class whose employment ended since

activation of the new payroll system have not been fully paid their wages and have not been told when they will receive back wages.

22. Fred Meyer has collective bargaining agreements that establish the rates of pay and other benefits for many members of the Class. However, the amounts of wages owed will not be in dispute upon a proper accounting. Resolution of this matter does not require interpretation of any collective bargaining agreements.

23. The pay errors resulting from Fred Meyer's new payroll system are ongoing and have not been remedied as of the filing of this action.

## FIRST CLAIM FOR RELIEF

(ORS 652.120 – Failure to Pay All Wages at Regular Paydays)

24. Plaintiffs reallege and incorporate paragraphs 1 through 23 above.

25. Fred Meyer owes a duty to Plaintiffs and members of the Class to pay all earned wages at each regular payday.

26. Fred Meyer has not paid Plaintiffs and members of the Class all earned wages at each regular payday since activating its new payroll system.

27. As of the filing of this action, Fred Meyer owes unpaid wages to Plaintiffs and members of the Class.

28. Pursuant to ORS 652.120, Urvina and members of the Employed Subclass are entitled to equitable relief to ensure that Fred Meyer will comply with its obligation to pay its employees all wages due and owing to them at each regular payday.

29. Pursuant to ORS 652.120, Plaintiffs and members of the Class are entitled to recover all unpaid wages.

30. Pursuant to ORS 652.200(2), Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

SECOND CLAIM FOR RELIEF

(ORS 652.140 & ORS 652.150 – Failure to Pay All Wages at Termination)

31. Plaintiffs reallege and incorporate paragraphs 1 through 23 above.

32. Fred Meyer did not timely pay Woody and members of the Terminated Subclass all wages due and owing to them at the termination of their employment.

33. Woody gave two weeks' notice to Fred Meyer before resigning their employment, and then gave written notice of nonpayment to Fred Meyer that all wages had not been paid after their employment ended.

34. Woody still has not been paid all wages earned during their employment with Fred Meyer.

35. Pursuant to ORS 652.140, Woody and members of the Terminated Subclass are entitled to recover all unpaid wages.

36. Pursuant to ORS 652.150, Woody and members of the Terminated Subclass are entitled to recover late payment penalty wages equivalent to wages for 30 days of work at 8 hours per day.

37. Pursuant to ORS 652.200(2), Woody and members of the Terminated Subclass are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

### THIRD CLAIM FOR RELIEF

(ORS 652.610 & ORS 652.615 – Withholding Wages Without Authorization)

38. Plaintiffs reallege and incorporate paragraphs 1 through 23 above.

39. Fred Meyer impermissibly withheld, deducted, or diverted wages owed to Plaintiffs and members of the Class.

40. Further, Fred Meyer failed to timely disburse to the appropriate recipient all funds withheld, deducted, or diverted from wages owed to Plaintiffs and members of the Class.

41. Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover actual damages or a statutory penalty of $200, whichever is greater, for each impermissible withholding, deduction, or diversion from wages.

42. Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

### DEMAND FOR JURY TRIAL

43. Plaintiffs hereby request a jury trial on all triable claims and issues herein.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Fred Meyer as follows:

1. On Plaintiffs' FIRST CLAIM FOR RELIEF for violation of ORS 652.120:

    a. A finding that Fred Meyer's actions violated ORS 652.120;

    b. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class and subclasses defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

    c. Pursuant to ORS 652.120, equitable relief requiring Fred Meyer to pay all wages owed at established regular paydays;

    d. Pursuant to ORS 652.200(2), an award of all unpaid wages;

    e. Pursuant to ORS 652.200(2), an award of attorney fees and costs; and

    f. Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

2. On Plaintiffs' SECOND CLAIM FOR RELIEF for violation of ORS 652.140:

    a. A finding that Fred Meyer's actions violated ORS 652.140;

    b. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class and subclasses defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

    c. Pursuant to ORS 652.140, an award of all unpaid wages;

    d. Pursuant to ORS 652.150, an award of penalty wages equivalent to

wages for 30 days of work at 8 hours per day;

    e. Pursuant to ORS 652.200(2), an award of attorney fees and costs; and

    f. Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

3. On Plaintiffs' THIRD CLAIM FOR RELIEF for violation of ORS 652.610:

    a. A finding that Fred Meyer's actions violated ORS 652.610;

    b. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class and subclasses defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

    c. Pursuant to ORS 652.615, actual damages or a statutory penalty of $200, whichever is greater, for each impermissible withholding, deduction, or diversion from wages;

    d. Pursuant to ORS 652.615, an award of attorney fees and costs; and

    e. Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

4. Such further relief in favor of Plaintiffs as this Court deems appropriate.

DATED this 17th day of November, 2022.

                                                       BENNETT HARTMAN, LLP

                                                       s/Richard B. Myers
                                                       Richard B. Myers, OSB No. 131264
                                                       Direct: 503-546-9623
                                                       richard@bennetthartman.com
                                                       Of Attorneys for Plaintiffs