Richard B. Myers, OSB No. 131264
richard@bennetthartman.com
BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204-3149
Telephone: (503) 546-9623
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SAMANTHA WOODY, APRIL ALLEN, DELIA CRUZ, CANDICE TRENT, and NICOLE URVINA,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>　　　　　　　Defendant. | Case No.: 3:22-cv-01800-HZ<br><br>**FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**<br><br>Failure to pay wages at regular paydays (ORS 652.120); failure to pay wages at termination (ORS 652.140); unauthorized wage withholdings (ORS 652.610); action for accounting of wage withholdings<br><br>DEMAND FOR JURY TRIAL |

SUMMARY STATEMENT

1. Plaintiffs Samantha Woody, April Allen, Delia Cruz, Candice Trent, and

Nicole Urvina (collectively "Plaintiffs") bring this action on behalf of themselves and all

similarly situated current and former employees of Fred Meyer Stores, Inc. in the State

of Oregon. Plaintiffs allege that Fred Meyer Stores, Inc. activated a new payroll system in September 2022 that caused widespread pay errors in violation of Oregon wage laws.

## JURISDICTION AND VENUE

2. Jurisdiction lies pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $5,000,000 and is between citizens of different states.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the claims alleged in this action are based upon events and omissions that substantially occurred in this judicial district.

## PARTIES

4. Plaintiff Samantha Woody ("Woody") is a resident of the State of Illinois, County of Will. Fred Meyer employed Woody beginning on or around June 1, 2022, and ending on or around October 27, 2022. At all times during their employment, Woody worked at the Fred Meyer store at 7700 SW Beaverton-Hillsdale Highway, Portland, Oregon 97225.

5. Plaintiff April Allen ("Allen") is a resident of the State of Oregon, County of Marion. At all material times herein, Fred Meyer employed Allen in the State of Oregon. Allen currently works for Fred Meyer at its store at 2855 Broadway Street NE, Salem, Oregon 97303.

6. Plaintiff Delia Cruz ("Cruz") is a resident of the State of Oregon, County of Multnomah. At all material times herein, Fred Meyer employed Cruz in the State of

Oregon. At all material times herein, Fred Meyer employed Cruz in the State of Oregon. Cruz currently works for Fred Meyer at its store at 6850 N Lombard Street, Portland, Oregon 97203.

7. Plaintiff Candice Trent ("Trent") is a resident of the State of Oregon, County of Multnomah. At all material times herein, Fred Meyer employed Trent in the State of Oregon. Trent currently works for Fred Meyer at its Quality Food Centers store at 5544 East Burnside Street, Portland, Oregon 97215.

8. Plaintiff Nicole Urvina ("Urvina") is a resident of the State of Oregon, County of Jackson. At all material times herein, Fred Meyer employed Urvina in the State of Oregon. Urvina currently works for Fred Meyer at its store at 1301 Center Drive, Medford, Oregon 97501.

9. Defendant Fred Meyer Stores, Inc. ("Fred Meyer") is a chain of retail grocery stores incorporated under the laws of the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202. In addition to conducting business under the Fred Meyer brand name, Fred Meyer conducts business in the State of Oregon under the assumed business names of Inter-American Products, Quality Food Centers, and Swan Island Dairy.

CLASS ACTION ALLEGATIONS

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek to have this action maintained as a class comprised of all hourly paid, non-exempt

employees of Fred Meyer who were employed in the State of Oregon on or after September 29, 2022 ("Class"). Plaintiffs further propose subclasses of the following:

    a. All hourly paid, non-exempt employees who are currently employed with Fred Meyer in the State of Oregon and whose employment with Fred Meyer did not terminate at any time after September 29, 2022 ("Employed Subclass"); and

    b. All hourly paid, non-exempt former employees of Fred Meyer in the State of Oregon whose employment with Fred Meyer terminated on or after September 29, 2022 ("Terminated Subclass").

11. Upon information and belief, there are over 10,000 persons in the Class. Individual members of the Class are so numerous that joinder of all of them is impracticable.

12. Plaintiffs' claims raise questions of law and fact common to the Class and that predominate over questions affecting individual members of the Class, including but not limited to:

    a. Whether Fred Meyer paid all wages owed to members of the Class at established regular paydays and at the end of employment as required by ORS 652.120 and ORS 652.140, respectively;

    b. Whether Fred Meyer had knowledge that pay errors were likely to occur after activation of the new payroll system such that the failure to

pay was "willful" as that term is used in ORS 652.150; and

c. Whether Fred Meyer's new payroll system caused systemic reduction or withholding of wages in violation of ORS 652.610, and, if so, the appropriate relief for such reductions or withholdings under ORS 652.615.

13. Plaintiffs' claims are typical of the claims of individual members of the Class.

14. Plaintiffs have retained the undersigned counsel who is competent and experienced in litigating class actions, including class action wage claims. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

15. A class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Fred Meyer's compliance with Oregon wage laws and the appropriate relief for affected employees.

16. The expense and burden required to pursue this litigation will likely exceed the damages suffered by many of the individual members of the Class.

17. The members of the Class have incurred damages and are entitled to recovery as a result of Fred Meyer's common and uniform acts and practices alleged in this action.

18. A class action is superior to all other available methods for the fair and efficient adjudication of these claims, particularly since many individual members of

the Class may as yet be unaware that they have not been fully compensated for their time worked.

## FACTS COMMON TO ALL CLAIMS

19. On or around September 29, 2022, Fred Meyer activated a system of human resources programs and software commonly referred to as an "enterprise resource planning" or "ERP" system. As part of its new ERP system, Fred Meyer activated a new payroll system for its hourly paid, non-exempt employees in Oregon.

20. The new payroll system has caused widespread pay errors for Plaintiffs and members of the Class, including but not limited to:

   a. Missing or late paychecks;

   b. Canceled direct deposits of wages;

   c. Missing, reduced, or inaccurately recorded work hours on paychecks;

   d. Reduced wage rates;

   e. Reduced or missing supplemental pay, such as premium wages, overtime, commission, and tips;

   f. Reduced or missing leave banks, such as zeroed balances for unused sick time hours;

   g. Incorrect or unauthorized deductions or withholdings from wages;

   h. Incorrect or missing statements of deductions or withholdings; and

   i. Delayed disbursement of deductions or withholdings to the

appropriate recipients.

21. As of the filing of this action, each of the Plaintiffs is owed wages from prior pay periods. Since activation of the new payroll system, each of the Plaintiffs also has not received accurate itemized statements of funds withheld, deducted, or diverted from wages.

22. Fred Meyer knew, or should have known, in advance of activating the new payroll system that it would cause widespread pay errors. Given the magnitude of the system change and examples of pay problems from other companies that made similar changes, Fred Meyer's activation of the new payroll system was careless and done with full knowledge of the circumstances that triggered the widespread pay errors alleged herein. Fred Meyer also did not conduct adequate planning and testing to ensure that members of the Class would be accurately paid when it activated the new payroll system.

23. The errors in Fred Meyer's new payroll system have been so widespread and severe that many members of the Class have gone weeks without any pay. Instead of promptly correcting the wage errors, Fred Meyer has given some employees a limited number of prepaid debit cards and gift cards that can only be used at Fred Meyer stores. The prepaid debit cards and gift cards do not reflect the amounts of wages actually owed to the employees. Moreover, most members of the Class have not received prepaid debit cards or gift cards and have not been told when they will be paid

back wages. Many members of the Class have resorted to getting paycheck advances from third party lenders.

24. Members of the Class have not had access to accurate paystubs that show their time worked, their corresponding pay, and an itemized statement of deductions. Combined with ongoing pay errors, this has caused significant financial uncertainty for members of the Class. Some members of the Class have also been unable to access public benefits that depend on an accurate showing of earned wages.

25. As a result of not being paid their wages and not receiving accurate itemized statements of deductions, many members of the Class have stopped coming to work or have resigned their employment. Members of the Class whose employment ended since activation of the new payroll system have not been fully paid their wages and have not been told when they will receive back wages.

26. Fred Meyer has collective bargaining agreements that establish the rates of pay and other benefits for many members of the Class. However, resolution of this matter does not require interpretation of any collective bargaining agreements. The amounts of wages owed will not be in dispute upon a proper accounting.

27. The pay errors resulting from Fred Meyer's new payroll system are ongoing and have not been remedied as of the filing of this action.

28. Prior to filing this action, each of the Plaintiffs gave Fred Meyer written notice of their wage claims.

## FIRST CLAIM FOR RELIEF

(ORS 652.120 – Failure to Pay All Wages at Regular Paydays)

29. Plaintiffs reallege and incorporate paragraphs 1 through 28 above.

30. Fred Meyer owes a duty to Plaintiffs and members of the Class to pay all earned wages at each regular payday.

31. Fred Meyer has not paid Plaintiffs and members of the Class all earned wages at each regular payday since activating its new payroll system.

32. As of the filing of this action, Fred Meyer owes unpaid wages to Plaintiffs and members of the Class.

33. Pursuant to ORS 652.120, Allen, Cruz, Trent, Urvina, and members of the Employed Subclass are entitled to equitable relief requiring Fred Meyer to comply with its obligation to pay its employees all wages due and owing to them at each regular payday.

34. Pursuant to ORS 652.120, Plaintiffs and members of the Class are entitled to recover all unpaid wages with interest accruing from the date the wages were due.

35. Pursuant to ORS 652.200(2), Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

///

///

## SECOND CLAIM FOR RELIEF

(ORS 652.140 & ORS 652.150 – Failure to Pay All Wages at Termination)

36. Plaintiffs reallege and incorporate paragraphs 1 through 28 above.

37. Fred Meyer did not timely pay Woody and members of the Terminated Subclass all wages due and owing to them at the termination of their employment.

38. Woody gave two weeks' notice to Fred Meyer before resigning their employment, and then gave written notice of nonpayment to Fred Meyer that all wages had not been paid after their employment ended.

39. Woody still has not been paid all wages earned during their employment with Fred Meyer.

40. Pursuant to ORS 652.140, Woody and members of the Terminated Subclass are entitled to recover all unpaid wages with interest accruing from the date the wages were due.

41. Pursuant to ORS 652.150, Woody and members of the Terminated Subclass are entitled to recover late payment penalty wages equivalent to wages for 30 days of work at 8 hours per day.

42. Pursuant to ORS 652.200(2), Woody and members of the Terminated Subclass are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

///

## THIRD CLAIM FOR RELIEF

(ORS 652.610 & ORS 652.615 – Withholding Wages Without Authorization)

43. Plaintiffs reallege and incorporate paragraphs 1 through 28 above.

44. Fred Meyer impermissibly withheld, deducted, or diverted wages owed to Plaintiffs and members of the Class.

45. Fred Meyer did not provide members of the Class accurate itemized statements showing funds withheld, deducted, or diverted at regular paydays and at other times wages were paid.

46. Further, Fred Meyer has not disbursed to the appropriate recipient all funds withheld, deducted, or diverted from wages owed to Plaintiffs and members of the Class.

47. Pursuant to ORS 652.610, Plaintiffs and members of the Class are entitled to equitable relief requiring Fred Meyer to comply with its obligation to provide itemized statements showing funds withheld, deducted, or diverted at each regular payday and on each occasion wages were paid.

48. Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover actual damages or a statutory penalty of $200, whichever is greater, for each impermissible withholding, deduction, or diversion from wages.

49. Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims

and issues alleged herein.

## FOURTH CLAIM FOR RELIEF

(Equitable Accounting of Wages)

50. Plaintiffs reallege and incorporate paragraphs 1 through 28 above.

51. Fred Meyer owes a duty to Plaintiffs and members of the Class to accurately and promptly distribute to the appropriate recipients any funds withheld from wages.

52. Fred Meyer's duty is one of a fiduciary and is based on a relationship of trust that Fred Meyer will comply with its obligations in distributing funds withheld from the earned wages of its employees.

53. Since activating the new payroll system in September 2022, Fred Meyer has been unable to account for funds withheld from the wages of members of the Class.

54. Given the widespread and ongoing pay discrepancies, Fred Meyer owes a duty to Plaintiffs and members of the Class to render an accounting showing in detail the amounts deducted from wages since activation of the new payroll system, as well as the dates and amounts that such deductions were distributed to the appropriate recipients.

## DEMAND FOR JURY TRIAL

55. Plaintiffs request a jury trial on all triable claims and issues alleged herein.

///

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Fred Meyer as follows:

1. On Plaintiffs' FIRST CLAIM FOR RELIEF for violation of ORS 652.120:

    a. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class and subclasses as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

    b. A finding that Fred Meyer's actions violated ORS 652.120;

    c. Pursuant to ORS 652.120, equitable relief requiring Fred Meyer to pay all wages owed at established regular paydays;

    d. Pursuant to ORS 652.200(2), an award of all unpaid wages;

    e. Pursuant to ORS 652.200(2), an award of attorney fees and costs; and

    f. Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

2. On Plaintiffs' SECOND CLAIM FOR RELIEF for violation of ORS 652.140:

    a. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class and subclasses as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

    b. A finding that Fred Meyer's actions violated ORS 652.140;

    c. Pursuant to ORS 652.140, an award of all unpaid wages;

    d. Pursuant to ORS 652.150, an award of penalty wages equivalent to

wages for 30 days of work at 8 hours per day;

e. Pursuant to ORS 652.200(2), an award of attorney fees and costs; and

f. Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

3. On Plaintiffs' THIRD CLAIM FOR RELIEF for violation of ORS 652.610:

a. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of a class and subclasses as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

b. A finding that Fred Meyer's actions violated ORS 652.610;

c. Pursuant to ORS 652.610, equitable relief requiring Fred Meyer to provide accurate itemized statements showing funds withheld, deducted, or diverted from wages;

d. Pursuant to ORS 652.615, actual damages or a statutory penalty of $200, whichever is greater, for each impermissible withholding, deduction, or diversion from wages;

e. Pursuant to ORS 652.615, an award of attorney fees and costs; and

f. Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts from the date they became due.

4. On Plaintiffs' FOURTH CLAIM FOR RELIEF for an accounting of wages:

a. Pursuant to Rule 23 of the Federal Rules of Civil Procedure,

certification of a class and subclasses as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

b. A finding that Fred Meyer has failed to fully and accurately account for funds withheld from the wages of members of the Class; and

c. An order requiring Fred Meyer to account for any withholdings from wages of members of the Class since activating its new payroll system in September 2022.

5. Such further relief in favor of Plaintiffs as this Court deems appropriate.

DATED this 1st day of December, 2022.

BENNETT HARTMAN, LLP

s/Richard B. Myers
Richard B. Myers, OSB No. 131264
Direct: 503-546-9623
richard@bennetthartman.com
Of Attorneys for Plaintiffs
