**Dennis Westlind, OSB No. 011329**
dwestlind@bullardlaw.com
**Ed Choi, OSB No. 135673**
echoi@bullardlaw.com
**Jessica Osborne, OSB No. 124101**
josborne@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1950
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

    Attorneys for Defendant Fred Meyer Stores, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SAMANTHA WOODY, APRIL ALLEN, DELIA CRUZ, CANDICE TRENT,** and **NICOLE URVINA**,<br><br>    Plaintiffs,<br><br>  v.<br><br>**FRED MEYER STORES, INC.**,<br><br>    Defendant. | Case No. 3:22-CV-01800<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |

For its answer to Plaintiffs' First Amended Complaint ("Complaint"), Defendant Fred Meyer Stores, Inc. ("Fred Meyer" or "Defendant") responds as follows:

## I. SUMMARY STATEMENT

1.

In response to Paragraph 1 of the Complaint, Defendant admits that this

paragraph fairly summarizes Plaintiffs' allegations and claims in the Complaint. To the extent that further response is required, Defendant responds that Paragraph 2 of the Complaint contains legal conclusions to which no response is required.

## II.     JURISDICTION AND VENUE

2.

Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that this court has jurisdiction under 28 U.S.C. § 1332.

3.

Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this district.

## III.    PARTIES

4.

In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff Samantha Woody ("Woody") was employed by Fred Meyer beginning on or around June 1, 2022 through on or around October 27, 2022 and that she has represented that she is currently a resident of Will County in the State of Illinois, which Defendant has no reason to dispute. Defendant denies all remaining allegations in this paragraph.

5.

In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff April Allen ("Allen") has represented that she is currently a resident of Marion

County in the State of Oregon, which Defendant has no reason to dispute. Defendant also admits that Allen works for Fred Meyer at its store at 2855 Broadway Street NE, Salem, Oregon 97303. Defendant denies all remaining allegations in this paragraph.

6.

In response to Paragraph 6 of the Complaint, Defendant admits that Plaintiff Delia Cruz ("Cruz") has represented that she is currently a resident of Multnomah County in the State of Oregon, which Defendant has no reason to dispute. Defendant also admits that Cruz works for Fred Meyer at its store at 6850 N. Lombard Street, Portland, Oregon 97203. Defendant denies all remaining allegations in this paragraph.

7.

In response to Paragraph 7 of the Complaint, Defendant admits that Plaintiff Candice Trent ("Trent") has represented that she is currently a resident of Multnomah County in the State of Oregon, which Defendant has no reason to dispute. Defendant denies that it has any ownership interest in any Quality Food Centers store, as Quality Food Centers is a separate entity not owned or controlled by Defendant. As such, Defendant is without knowledge regarding Trent's employment status with Quality Food Centers and thus cannot admit or deny that Trent is currently employed with Quality Food Centers. Defendant denies all remaining allegations in this paragraph.

8.

In response to Paragraph 8 of the Complaint, Defendant admits that Plaintiff Nicole Urvina ("Urvina") has represented that she is currently a resident of

Jackson County in the State of Oregon, which Defendant has no reason to dispute. Defendant also admits that Urvina works for Fred Meyer at its store at 1301 Center Drive, Medford, Oregon 97501. Defendant denies all remaining allegations in this paragraph.

9.

In response to Paragraph 9 of the Complaint, Defendant admits that it operates a chain of retail grocery stores and is incorporated in the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202. Defendant denies all remaining allegations in this paragraph.

### IV.   CLASS ACTION ALLEGATIONS

10.

In response to Paragraph 10 of the Complaint, Defendant admits that Plaintiffs seek to bring a putative class action on behalf of all hourly paid, non-exempt employees of Fred Meyer who were employed in the State of Oregon on or after September 29, 2022 (the "Proposed Class"). Defendant further admits that Plaintiffs have proposed two subclasses, the "Employed Subclass" and the "Terminated Subclass," as defined in the Complaint. Defendant denies all remaining allegations in this paragraph.

11.

In response to the first sentence of Paragraph 11 of the Complaint, Defendant admits that Plaintiffs have represented that they believe the Proposed Class to consist of over 10,000 individuals. The second sentence of Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a

response is required, Defendant denies the allegations therein.

12.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

13.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

14.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

15.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

16.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

17.

The allegations in this paragraph contain legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

18.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## V. FACTS COMMON TO ALL CLAIMS

19.

In response to Paragraph 19 of the Complaint, Defendant admits that it implemented a new payroll system for its hourly paid, non-exempt employees in Oregon in or around September 2022. Defendant denies all remaining allegations in this paragraph.

20.

In response to Paragraph 20 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

21.

In response to Paragraph 21 of the Complaint, Defendant admits that the named Plaintiffs had certain temporary payroll discrepancies outstanding as of the original filing of this action. Defendant further admits the existence of certain temporary paystub inaccuracies resulting from the new payroll system, which Defendant has

promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

22.

Denied.

23.

In response to Paragraph 23 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant also admits that it has issued prepaid gift cards and other forms of reimbursement to correct past wage errors to certain employees. Defendant denies all remaining allegations in this paragraph.

24.

In response to the first sentence of Paragraph 24 of the Complaint, Defendant admits the existence of certain temporary paystub inaccuracies resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. In response to the second and third sentences of Paragraph 24 of the Complaint, Defendant responds that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations therein and therefore denies them.

25.

In response to the first sentence of Paragraph 25 of the Complaint, Defendant responds that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations therein and therefore denies them. In response to the

Page 7   ANSWER AND AFFIRMATIVE DEFENSES

second sentence of Paragraph 25 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies as to the proposed Terminated Subclass, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

26.

In response to the first sentence of Paragraph 26 of the Complaint, Defendant admits the existence of collective bargaining agreements that establish the rates of pay and other benefits for at least some members of the proposed class. In response to the second sentence of Paragraph 26 of the Complaint, Defendant answers that this dispute may require the interpretation of a collective bargaining agreement, and therefore denies Plaintiffs' allegations to the contrary. Defendant denies all remaining allegations in this paragraph.

27.

In response to Paragraph 27 of the Complaint, Defendant admits that it is making efforts to identify and correct payroll discrepancies to remedy the discrepancies. Defendant denies all remaining allegations in this paragraph.

28.

In response to Paragraph 28 of the Complaint, Defendant denies that Plaintiffs gave sufficient notice of their wage claims prior to filing this action.

## VI.    FIRST CLAIM FOR RELIEF

### (ORS 652.120 – Failure to Pay All Wages at Regular Paydays)

29.

Defendant incorporates by reference its responses to Paragraphs 1-28 as if

fully stated herein.

30.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant responds that employer duties under ORS Chapter 652 speak for themselves. Defendant denies all remaining allegations in this paragraph.

31.

In response to Paragraph 31 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

32.

In response to Paragraph 32 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

33.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

35.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## VII.  SECOND CLAIM FOR RELIEF
### (ORS 652.140 & ORS 652.150 – Failure to Pay All Wages at Termination)

36.

Defendant incorporates by reference its responses to Paragraphs 1-28 as if fully stated herein.

37.

In response to Paragraph 37 of the Complaint, Defendant admits the existence of certain temporary payroll discrepancies as to the proposed Terminated Subclass resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

38.

In response to Paragraph 38 of the Complaint, Defendant admits that Woody gave two weeks' notice before resigning from Fred Meyer and that Fred Meyer received a letter from Woody's counsel, dated November 15, 2022, which speaks for

itself. Defendant denies all remaining allegations in this paragraph.

39.

In response to Paragraph 39 of the Complaint, Defendant admits that it has attempted to issue reimbursement to Plaintiff Woody for past wage errors, but that certain amounts may be outstanding. Defendant denies all remaining allegations in this paragraph.

40.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

41.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

42.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**VIII.  THIRD CLAIM FOR RELIEF**
**(ORS 652.120 & ORS 652.615 – Withholding Wages Without Authorization)**

43.

Defendant incorporates by reference its responses to Paragraphs 1-28 as if fully stated herein.

44.

Denied.

45.

In response to the first sentence of Paragraph 45 of the Complaint, Defendant admits the existence of certain temporary inaccuracies in paystubs and statements resulting from the new payroll system, which Defendant has promptly corrected and continues to correct as it becomes aware of or identifies them. Defendant denies all remaining allegations in this paragraph.

46.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

48.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

49.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

allegations in this paragraph.

## IX.    FIFTH CLAIM FOR RELIEF
### (Equitable Accounting of Wages)

50.

Defendant incorporates by reference its responses to Paragraphs 1-28 as if fully stated herein.

51.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

52.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

53.

Denied.

54.

The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

55.

In response to Paragraph 55 of the Complaint, Defendant admits that Plaintiffs have requested a jury trial on all triable claims and issues.

Page 13  ANSWER AND AFFIRMATIVE DEFENSES

56.

Except as expressly admitted above, Defendant denies each and every allegation in this Complaint, including the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant alleges the following as separate affirmative defenses without assuming the burden of proof, where such burden is otherwise on Plaintiff under applicable law. Defendant reserves the right to amend and/or supplement its affirmative defenses as they become apparent during this litigation.

1.

Plaintiffs' Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

2.

Defendant invokes the defenses, protections, and limitations of Oregon's wage and hour laws, including, but not limited to, that Plaintiffs and putative members of the purported class as set forth in the Complaint are not entitled to recover costs or attorney fees in this action, as they did not provide reasonable or adequate notice of their claims under ORS 652.200.

3.

Plaintiff's claims may be barred, in whole or in part, by failure to exhaust administrative remedies.

4.

In light of Plaintiffs' failure to exhaust available grievance, arbitration, and administrative remedies, attorney fees are not reasonable or recoverable.

5.

Plaintiffs' claims, in whole or in part, may require the interpretation of a collective bargaining agreement and are therefore preempted by the Labor Management Reporting and Disclosure Act ("LMRDA") and/or the Labor Management Relations Act ("LMRA").

6.

Defendant may be entitled to an offset or setoff of damages for payments it made to Plaintiffs and putative members of the Proposed Class, including, but not limited to, payments for time not worked and any other form of overpayment.

7.

Plaintiffs' claims may be barred, in whole or in part, for failure to mitigate damages.

8.

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

9.

Plaintiffs' claims may be barred, in whole or in part, because Defendant acted at all relevant times in good faith and Defendant's actions were not willful or with the intent to deprive Plaintiff or putative members of the Proposed Class of any part of their wages.

10.

If and to the extent that Plaintiffs can prove that they engaged in any uncompensated work, some or all of the time is de minimis and thus not compensable.

Page 15  ANSWER AND AFFIRMATIVE DEFENSES

11.

Plaintiffs' claims may be barred, in whole or in part, because the alleged pay discrepancies do not constitute withholdings, deductions, or diversions under ORS 652.610 and 652.615 and any similar or related laws or regulations.

12.

To the extent that Plaintiffs and putative members of the Proposed Class as set forth in the Complaint entered into releases with Defendant during their employment, upon termination of their employment, or in connection with other disputes or circumstances, their claims may have been released and waived.

WHEREFORE, Defendant seeks judgment in its favor and against Plaintiffs, that Plaintiffs' claims be dismissed in their entirety with prejudice, and that Defendant be awarded attorney fees, costs, disbursements and such other relief as the Court may deem just and proper.

DATED: January 4, 2023.

                BULLARD LAW

                By s/ Ed Choi
                    Dennis Westlind, OSB No. 011329
                    dwestlind@bullardlaw.com
                    Ed Choi, OSB No. 135673
                    echoi@bullardlaw.com
                    Jessica Osborne, OSB No. 124101
                    josborne@bullardlaw.com
                    Attorneys for Defendant
                    Fred Meyer Stores, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2023 I served the foregoing **DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** on:

>Richard B. Myers
>Bennett Hartman, LLP
>210SW Morrison Street, Suite 500
>Portland, OR 97204-3149
>richard@bennetthartman.com

- ☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

- ☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

- ☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

- ☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

- ☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

- ☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/ Ed Choi
Dennis Westlind, OSB No. 011329
Ed Choi, OSB No. 135673
Jessica Osborne, OSB No. 124101
Attorneys for Defendant
Fred Meyer Stores, Inc.