IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMANTHA WOODY, APRIL ALLEN, DELIA CRUZ, CANDICE TRENT, and NICOLE URVINA,

        Plaintiffs,

v.

FRED MEYER STORES, INC.,

        Defendant.

No. 3:22-cv-01800-HZ

OPINION & ORDER

Richard B. Myers
Bennett Hartman, LLP
210 SW Morrison St, Ste 500
Portland, OR 97204

    Attorney for Plaintiffs

April L. Upchurch Fredrickson
Edward Choi
Matthew A. Tripp
Miller Nash LLP
111 SW 5th Ave, Ste 3400
Portland, OR 97204

1 – OPINION & ORDER

Sasha A. Petrova
Steven M. Wilker
Tonkon Torp LLP
888 SW 5th Ave, Ste 1600
Portland, OR 97204

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiffs sued Defendant Fred Meyer Stores for failure to pay wages, unlawful deductions from wages, and an equitable accounting. First Am. Compl. ("FAC"), ECF 5. Defendant moves for judgment on the pleadings on Plaintiffs' claims for unlawful deductions and an equitable accounting. Def. Mot., ECF 18. For the following reasons, the Court grants the motion in part and denies it in part.

## BACKGROUND

This putative class action arises out of Defendant's activation of new human resources program and payroll system in September 2022. FAC ¶ 19. Plaintiffs are current and former employees of Defendant who allege that the new payroll system "caused widespread pay errors for Plaintiffs" and other prospective class members. *Id.* ¶ 20. Plaintiffs allege that the class has over 10,000 members. *Id.* ¶ 11. The alleged errors include missing or late paychecks; canceled direct deposits of wages; missing, reduced, or inaccurately recorded work hours on paychecks; reduced wage rates; reduced or missing supplemental pay; reduced or missing leave banks; incorrect or unauthorized deductions or withholdings from wages; incorrect or missing statements of deductions or withholdings; and delayed disbursement of deductions or withholdings to the appropriate recipients. *Id.* ¶ 20. Plaintiffs allege that Defendant knew or should have known that the new payroll system would cause widespread pay errors, and that

Defendant "did not conduct adequate planning and testing" to ensure accurate payroll after activation. *Id.* ¶ 22.

Plaintiffs allege that many employees went weeks without pay, and that Defendant "has given some employees a limited number of prepaid debit cards and gift cards that can only be used at Fred Meyer stores." *Id.* ¶ 23. Plaintiffs allege that the cards "do not reflect the amounts of wages actually owed to the employees," and that most employees have not received any such cards. *Id.* Plaintiffs allege that some employees have had to get payday loans. *Id.* Some employees have not been able to access public benefits because they did not have accurate statements of their wages. *Id.* ¶ 24.

Plaintiffs filed their original Complaint on November 17, 2022. ECF 1. They filed the FAC on December 1, 2022. Plaintiffs bring four claims for relief: failure to pay all wages at regular paydays under O.R.S. 652.120 (claim 1); failure to pay all wages at termination under O.R.S. 652.140 and 652.150 (claim 2); unauthorized withholding of wages under O.R.S. 652.610 and 652.615 (claim 3); and an equitable accounting of wages (claim 4). FAC ¶¶ 29-54. Defendant answered the FAC on January 4, 2023. ECF 7. Defendant filed the present motion on November 17, 2023, seeking judgment on the pleadings on the third and fourth claims only. Discovery in this case is set to be completed by February 28, 2024, and dispositive motions are due on April 26, 2024. ECF 23.

## STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In reviewing a

3 – OPINION & ORDER

motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The court will grant a motion for judgment on the pleadings if there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Id*. A Rule 12(c) motion may be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to allege a cognizable claim. *See Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his or her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

The Court concludes that Plaintiffs' third claim for relief states a cognizable claim, and Defendant is entitled to judgment on the pleadings on Plaintiffs' third claim only to the extent that Plaintiffs seek relief that is not permitted under the statute. The Court also concludes that

Defendant is entitled to judgment on the pleadings on Plaintiffs' fourth claim for relief to the extent that Plaintiffs base the claim on a fiduciary relationship, but not to the extent that the claim is based on the complexity of the accounts in this case.

## I.  Third Claim for Relief

### A.  Claim under O.R.S. 652.610

In their third claim for relief, Plaintiffs argue that Defendant "impermissibly withheld, deducted, or diverted wages" and failed to provide "accurate itemized statements showing funds withheld, deducted, or diverted," in violation of O.R.S. 652.610. FAC ¶¶ 44-45. Defendant argues that it is entitled to judgment on the pleadings on this claim because the statute does not cover "payroll errors or miscalculations." Def. Mot. 5.

The statute instructs that covered employers "shall provide the employee on regular paydays and at other times payment of wages, salary or commission is made, with an itemized statement as described in paragraph (b) of this subsection." O.R.S. 652.610(1)(a). The statement must include basic information, including but not limited to the date of payment, dates of work, the employee's name, the rate(s) of pay, gross and net wages, and "[t]he amount and purpose of each deduction made during the respective period of service that the payment covers[.]" O.R.S. 652.610(1)(b). The statute also provides that "[a]n employer may not withhold, deduct or divert any portion of an employee's wages unless" one of the conditions specified by the statute is met. O.R.S. 652.610(3).

Defendant points to caselaw involving "an affirmative subtraction from an employee's wages—typically manifested as a set amount or percentage deducted post-calculation of wages—reflecting an employer's decision to reduce an employee's total pay for various reasons, such as benefits contributions, garnishments, or recoupments." Def. Mot. 6. Defendant relies on

a case in which a court in this district concluded that O.R.S. 652.610 did not cover a claim for failure to pay overtime wages. *Id.* at 6-7 (citing *Sears v. Blackwell's N. Am., Inc.*, 2005 WL 2663504 (D. Or. Oct. 18, 2005)). Defendant also relies on the text, context, and legislative history of the statute to argue that it was not intended to cover the present situation. *Id.* at 7-17. Plaintiffs counter that "a claim under ORS 652.615 does not depend on whether the employer's violation was knowing or willful." Pl. Resp. 2, ECF 21. They argue that Defendant ignores the allegations in the FAC and "attempts to recast this dispute as a case of unintentional and inadvertent miscalculations." *Id.* at 3.

      Plaintiffs are correct that the FAC does not allege a purely inadvertent error. The FAC alleges that Defendant knew or should have known that the new payroll system would cause errors and did not adequately plan or test it to ensure accurate payment of wages before activating it. FAC ¶ 22. While this case is different from one in which an employer decides to withhold part of the plaintiff's wages for a bond, *see Taylor v. Werner Enterprises, Inc.*, 329 Or. 461, 988 P.2d 384 (1999), Defendant mischaracterizes the FAC to the extent it characterizes its actions as purely inadvertent or unknowing.

      Defendant also appears to conflate Plaintiffs' claims for unpaid wages with the claim for improper deductions. Defendant distinguishes between deductions from gross pay and "'above-the-line' payroll discrepancies such as miscalculations of hours worked or pay rates[.]" Def. Mot. 9-10. But the FAC alleges that the pay errors caused by the new payroll system included both reduced wages and incorrect or unauthorized deductions or withholdings from wages. FAC ¶ 20. Plaintiffs have brought different claims for failure to pay wages. FAC ¶¶ 29-42. The third claim for relief refers to withholdings and deductions, not failure to pay wages. *Id.* ¶¶ 43-49. The Court

interprets Plaintiffs' third claim to address only the withholdings and deductions, not the failure to pay wages, which is covered by the first two claims.

When the FAC is interpreted this way, Defendant's remaining argument is that because it did not intend or desire to cause the erroneous deductions, it cannot be liable as a matter of law. The Court rejects this reasoning. The FAC alleges that the wrongful deductions arose from Defendant's choice to activate the new payroll system, and that Defendant activated that system with knowledge that it was not ready and would cause errors. Defendant then issued paychecks that improperly withheld or deducted portions of employees' wages. It is reasonable to infer from the FAC that even if Defendant did not know that a particular deduction in a particular paycheck was improper, it deliberately issued paychecks knowing that the payroll system was causing erroneous deductions. In short, although Defendant did not intend to make the improper deductions, it knowingly took actions that virtually guaranteed such deductions would occur.

The Court does not read the statute to require that the employer intend or desire that the deduction or withholding occur. The Oregon Supreme Court has prescribed a three-step process for statutory interpretation. First, the court should consider the text and context of the statute. *State v. Gaines*, 346 Or. 160, 171, 206 P.3d 1042 (2009). Second, "a party is free to proffer legislative history to the court, and the court will consult it after examining text and context, even if the court does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis." *Id.* at 172. Third, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id.*

Defendant correctly points out that the statute does not define "withhold," "deduct," or "divert." Def. Mot. 8. Defendant offers both standard dictionary definitions of these terms and

7 – OPINION & ORDER

definitions from Black's Law Dictionary. *Id.* at 8-9. Plaintiffs do not contest the proffered definitions or offer an alternative. The Court finds Defendant's definitions reasonable. Under those definitions, to "withhold" is "'to hold back' or 'to desist or refrain from granting, giving, or allowing : keep in one's possession or control : keep back.'" *Id.* at 8 (citing Webster's Third New Int'l Dictionary 2627 (unabridged ed. 2002)). To "deduct" is "'to take (an amount) away from a total : take off : REMOVE <the tax is ~ed from the paycheck>.'" *Id.* at 9 (citing Webster's Third New Int'l Dictionary 589 (unabridged ed. 2002)). Finally, to "divert" is "'to turn from one course, direction, objective, or use to another (<~tax money to his own pocket>).'" *Id.* (citing Webster's Third New Int'l Dictionary 663 (unabridged ed. 2002)). These definitions require a conscious act. While Defendant argues that these terms "reflect calculated and deliberate reductions to an employee's total wages," Def. Mot. 9, the dictionary definitions to not require that level of intent. At least with respect to "withhold" and "deduct," they do not require a particular intent or desire. The text of O.R.S. 652.610(3) does not support Defendant's position.

In support of its position, Defendant relies on *Sears*. Def. Mot. 10. In *Sears*, another court in this district held that unpaid overtime wages did not constitute an unauthorized deduction from gross wages under O.R.S. 652.610. 2005 WL 2663504, at *1. *Sears* does not apply here because, as discussed above, Plaintiffs' third claim addresses deductions from wages, not failure to pay wages. Defendant's reliance on *Sears* and the other cases it cites, *see* Def. Mot. 10-11, is based on a mischaracterization of Plaintiffs' claim.

With respect to the context of the statute, Defendant points out that the provision requiring an itemized statement of wage information requires the employer to include "[t]he amount and purpose of each deduction" from the employee's wages. Def. Mot. 11-12 (citing O.R.S. 652.610(1)(b)(J)). Defendant argues that this language regarding the purpose of a

8 – OPINION & ORDER

deduction "necessarily implies a conscious, deliberate subtraction from an employee's wages[.]" *Id.* at 12. Plaintiffs counter that "[n]o court has held that ORS 652.610 includes such a requirement of intent." Pl. Resp. 10. The Court also observes that O.R.S. 652.610(3) does not refer to purpose in stating the general rule barring withholding, deduction, or diversion of wages; rather, it prohibits deductions unless they meet one of the exceptions listed. This indicates that the deduction is improper unless it has a proper purpose, not that a deduction made without purpose is outside the coverage of the statute.

Plaintiffs also rely on *Gessele v. Jack in the Box, Inc.*, 427 F. Supp. 3d 1276, 1305-06 (D. Or. 2019). In *Gessele*, the district court held that the defendant employer improperly over-withheld the plaintiffs' contributions to a workers benefit fund. *Id.* at 1304. The defendant conceded that this over-withholding violated O.R.S. 652.610(3). *Id.* at 1304-05. The defendant argued that it did not act willfully because the over-withholding was a result of an error in its payroll software. *Id.* at 1306. The court concluded that the defendant acted willfully because the record showed that the defendant was aware of the change in the assessment rate for the fund but failed to adjust the assessment rate for employees. *Id.* Defendant argues that *Gessele* does not resolve the question of what constitutes a withholding or deduction because the employer conceded the issue. Def. Reply 2 n.1, ECF 24. While Defendant is correct that the issue was not litigated in *Gessele*, the Court still finds the case instructive. *Gessele* shows that an employer cannot rely on software errors to disclaim responsibility for its actions where those errors are ultimately traceable to the knowing acts or omissions of the employer. The FAC alleges that Defendant's activation of the new payroll software, with knowledge that it was not ready to be activated, caused the improper deductions.

9 – OPINION & ORDER

Defendant argues that the requirement "to timely remit deductions to the appropriate recipients, further demonstrat[es] the legislature's intent to limit the statute to deliberate subtractions for particular purposes." Def. Mot. 12. Defendant points to provisions covering deductions authorized for contribution to charitable organizations or union dues. *Id.* (citing O.R.S. 652.610(5)(a)-(b)). Defendant states, "The inclusion of these provisions demonstrates that the Legislature intended ORS 652.610 to apply to actions that purposefully redirect a portion of an employee's wages to another recipient—for example, a charity or a union—and not to inadvertent or unknown payroll errors of the sort alleged by Plaintiffs in this case." *Id.* Plaintiffs counter that "[t]he text of ORS 652.610(3) makes clear that it is intended to guard against *all* unauthorized withholding of wages, not just deductions for the benefit of third parties." Pl. Resp. 9. As Plaintiffs point out, courts have found violations of the statute where the employer, rather than a third party, kept the funds. *Id.* at 9-10 (citing *Nash v. Res., Inc.*, 982 F. Supp. 1427, 1438 (D. Or. 1997) (employer withheld portions of employee's paycheck because of employee's poor performance and kept the funds)). Defendant does not dispute this. Def. Reply 6. Defendant argues that the requirement "to timely remit payments to intended recipients, however, would make little sense if paragraph (3) extended to inadvertent or unknown payroll errors of the sort alleged by Plaintiffs in this case." *Id.* This, again, relies on Defendant's characterization of its actions as inadvertent, which is not what the FAC alleges. The context of the statute does not support Defendant's argument that the restriction on withholdings and deductions only applies to deductions the employer desired or intended to bring about. It reflects an expectation that such deductions will be the most common, but it does not exclude other types of deductions.

Finally, Defendant provides a thorough discussion of the legislative history of O.R.S. 652.610. Def. Mot. 13-16. This discussion, however, relies on Defendant's characterization of its

10 – OPINION & ORDER

conduct as an inadvertent error and a failure to pay wages. The FAC alleges knowing or intentional acts by Defendant that caused the issuance of paychecks with improper deductions or withholdings of pay. The legislative history does not change the Court's conclusion. The Court declines to hold at this point in the case that Plaintiffs cannot, as a matter of law, state a claim for violation of O.R.S. 652.610(3).

B.  Scope of Relief Under O.R.S. 652.615

Defendant asserts that Plaintiffs' recovery for violations of O.R.S. 652.610 is limited to the greater of either actual damages or a sum of $200 per person. Def. Mot. 17-19. The FAC states, "Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover actual damages or a statutory penalty of $200, whichever is greater, for each impermissible withholding, deduction, or diversion from wages." FAC ¶ 48.

O.R.S. 652.615 creates a private cause of action for violations of O.R.S. 652.610(3) and states that the relief may be either "actual damages or $200, whichever is greater." Although Oregon appellate courts have not interpreted this provision, courts in this district, including this Court, have consistently held that a plaintiff is limited to either actual damages or a recovery of $200 per type of violation, not $200 per successive occurrence of the same type of violation of O.R.S. 652.610. *Brinkman v. ABM Onsite Servs. - W., Inc.*, 383 F. Supp. 3d 1120, 1127 (D. Or. 2019); *Gessele v. Jack in the Box, Inc.*, 427 F. Supp. 3d 1276, 1326 (D. Or. 2019) (adopting *Brinkman*); *Albiston v. Three Leaves, LLC*, No. 6:22-CV-01284-AA, 2023 WL 3375850, at *3 (D. Or. May 11, 2023) (adopting *Brinkman*); *Stavrum v. NW Precision Constr. LLC*, No. 3:21-CV-01761-SB, 2022 WL 16798577, at *6 (D. Or. Oct. 14, 2022) (adopting *Brinkman*), *findings and recommendation adopted*, No. 3:21-CV-01761-SB, 2022 WL 16782688 (D. Or. Nov. 7,

11 – OPINION & ORDER

2022); *Gessele v. Jack in the Box, Inc.*, No. 3:14-CV-01092-HZ, 2023 WL 2707364, at *4 (D. Or. Mar. 30, 2023) (applying *Brinkman*).

Defendant relies on *Brinkman* to argue that Plaintiffs seek more than the statute permits—namely, the sum of $200 for each wrongful withholding or deduction. Def. Mot. 17-18. Plaintiffs respond that their pleading is proper and that Defendant is misconstruing the FAC. Pl. Resp. 5-6. Although Plaintiffs argue that Defendant has "manufacture[d] a contradiction," the text of the FAC appears to seek relief that courts in this district have concluded is not available. Plaintiffs provide no argument against *Brinkman* and indeed rely on the case in their brief. Pl. Resp. 6. To the extent that Plaintiffs seek multiple recoveries of $200 for successive occurrences of the same improper deduction for the same individual, such relief is unavailable. But if a plaintiff suffered different types of violation of O.R.S. 652.610(3), that plaintiff can recover either actual damages or $200 for each type of violation. *Brinkman*, 383 F. Supp. 3d at 1127.

**II.     Fourth Claim for Relief**

Plaintiffs' fourth claim seeks an equitable accounting. FAC ¶¶ 50-54. Plaintiffs base the claim on an alleged fiduciary relationship between the parties and the complexity of the pay discrepancies. *Id.* ¶¶ 52-54. Defendant argues that Plaintiffs are not entitled to an equitable accounting because they have not adequately alleged a fiduciary relationship and because they have an adequate remedy at law. Def. Mot. 19-23. The Court concludes that Defendant is right on the first point, but the second argument is premature, and Plaintiffs may be entitled to an accounting based on the complexity of the accounts.

Defendant correctly states that "[a]n equitable accounting is 'a bookkeeping process whereby debits and credits are balanced or a balance of mutual accounts is struck.'" *Id.* at 19 (citing *Carey v. Hays*, 243 Or. 73, 79, 409 P.2d 899 (1966) (en banc)). The Oregon Supreme

Court has described several alternative bases on which a party may be entitled to an equitable accounting. These include (1) the existence of a trust; (2) the existence of a fiduciary relationship between the parties; (3) the accounting is incidental to other equitable relief; and (4) "the account is so complex that justice cannot be done without resort to the superior equipment of the equity court." *Flaherty v. Bookhultz*, 207 Or. 462, 466-67, 291 P.2d 221 (1955), *adhered to on reh'g*, 207 Or. 462, 297 P.2d 856 (1956), *holding modified on other grounds by Schroeder v. Schaefer*, 258 Or. 444, 483 P.2d 818 (1971). Some courts in this district have phrased the rule in a manner that could be interpreted to require the presence of all four bases. *See Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1146 (D. Or. 2018) (citing *Brown's Indus., Inc. v. Snow Mountain Pine Co.*, No. 87-cv-1119-FR, 1989 WL 142411, at *22 (D. Or. Oct. 26, 1989)). These cases relied on *Flaherty*, which discusses the four bases as alternatives, and the Court treats them accordingly. Only the second and fourth bases are relevant here.

Defendant first argues that Plaintiffs have failed to allege a cognizable fiduciary relationship. Def. Mot. 20-21. No fiduciary duties are implied "unless the parties are in a 'special relationship'" under Oregon law. *Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 160, 26 P.3d 785 (2001) (citing *Conway v. Pacific Univ.*, 324 Or. 231, 237, 924 P.2d 818 (1996)). A special relationship exists when one party "ha[s] some obligation to pursue the interests of the other party." *Conway*, 324 Or. at 237. "[T]he party who is owed the duty effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interests." *Id.* at 240. Examples of special relationships include the relationships between lawyers and clients, doctors and patients, and agents and principals. *Id.* at 239-40. In *Conway*, the Oregon Supreme Court held that the employer-employee relationship between the plaintiff professor and defendant university was not a special relationship, noting

13 – OPINION & ORDER

that the parties were each pursuing their own interests at the relevant time. *Id.* at 243. *See also Vanderselt v. Pope*, 155 Or. App. 334, 340 n.2, 963 P.2d 130 (1998) (reaffirming that "employment, in and of itself, does not create a 'special relationship'").

      Plaintiffs have not adequately alleged facts from which a jury could find a special relationship between the parties. Plaintiffs' allegation that such a relationship exists, FAC ¶ 52, is a legal conclusion not entitled to be taken as true. The well-pleaded facts in the FAC describe an ordinary employer-employee relationship, which is not a special relationship. In arguing that an employer-employee relationship can constitute a fiduciary relationship, Plaintiffs rely on factually distinct cases that confirm no such relationship is present here. *See* Pl. Resp. 14-15. First is *Parr v. Forest River, Inc.*, in which a district court in Texas held that the defendant employer had adequately pleaded that the plaintiff employee owed it a fiduciary duty when the defendant alleged that the plaintiff had more responsibility to manage the defendant's operations in Texas than anyone else at the company. No. W:14-CV-354, 2014 WL 12588299, at *3 (W.D. Tex. Nov. 17, 2014). Similarly, in *Wolfe Financial Inc. v. Rodgers*, a district court in North Carolina explained that although North Carolina law generally does not find an employer-employee relationship to constitute a fiduciary relationship, there is an exception "when an employer reposes such confidence in an employee that the employee exercises domination and influence over the employer[.]" No. 1:17CV896, 2019 WL 203183, at *13 (M.D.N.C. Jan. 15, 2019), *report and recommendation adopted*, No. 1:17CV896, 2019 WL 2465218 (M.D.N.C. Feb. 1, 2019). Finally, in *Rodrick v. Danieli Corp.*, a district court in Ohio stated that an employer could owe a fiduciary duty to its employees when administering pension plans or insurance benefits, but normally would owe no such duty for general employment matters. No. 4:06CV0982, 2006 WL 8454334, at *6 (N.D. Ohio July 12, 2006). The FAC alleges no

14 – OPINION & ORDER

circumstances similar to these cases. And Plaintiffs cite no Oregon cases supporting the existence of a fiduciary relationship. They fail to plead the existence of a fiduciary relationship.

However, the FAC adequately pleads that the accounts in this case may be sufficiently complex that they should be resolved by the Court rather than a jury. "A court of equity may assume jurisdiction of a case in which an accounting is sought even though the defendant is not a fiduciary, provided it satisfactorily appears that the account is so complex that justice can not be done without resort to the superior equipment of an equity court." *Huebener v. Chinn*, 186 Or. 508, 530, 207 P.2d 1136 (1949). *See Thompson v. Coughlin*, 329 Or. 630, 639-40, 997 P.2d 191 (2000) (favorably citing *Huebener*); *Prehall v. Weigel*, 232 Or. App. 148, 159, 221 P.3d 157 (2009) (stating that claims for an accounting based on the complexity of the account sound in equity). Plaintiffs allege widespread, ongoing, and varied payroll errors affecting a class of potentially 10,000 members. Plaintiffs also allege that Defendant has been unable to account for the discrepancies in pay. FAC ¶ 53. Although Defendant suggests that Plaintiffs should be able to obtain the necessary information through discovery, Def. Mot. 22, the Court concludes that it is premature to dismiss Plaintiffs' claim. After the close of discovery, Defendant may move for summary judgment on this claim on the basis that discovery has revealed the amounts due and owing. It is premature to conclude that Plaintiffs have an adequate remedy at law.

In sum, the Court declines to dismiss Plaintiffs' fourth claim for relief to the extent it relies on the complexity of the accounts. The Court dismisses the claim to the extent it relies on a fiduciary relationship. In their response, Plaintiffs state, "[a]lthough not strictly a fiduciary relationship, the circumstances alleged in this case are the type of relationship of trust and dependence that gives rise to a fiduciary duty." Pl. Resp. 15. Plaintiffs are incorrect. And they cite no new facts supporting their assertion that a fiduciary relationship existed. The Court

15 – OPINION & ORDER

therefore declines to grant leave to amend and instead will permit Plaintiffs to move for leave to amend the FAC within 14 days.

## CONCLUSION

Defendant's Motion for Judgment on the Pleadings [18] is GRANTED IN PART and DENIED IN PART. Plaintiffs may submit a motion for leave to amend the First Amended Complaint, attaching a proposed Second Amended Complaint, within 14 days.

IT IS SO ORDERED.

DATED: January 24, 2024.

_____
MARCO A. HERNÁNDEZ
United States District Judge

16 – OPINION & ORDER