## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between named plaintiffs Samantha Woody, April Allen, Delia Cruz, Candice Trent, Nicole Urvina (collectively the "Class Representatives" or "Plaintiffs"), Fred Meyer Stores, Inc. ("Fred Meyer" or "Defendant"), and the class of individuals as defined below.

The Parties agree that each of them is acting by and through their undersigned counsel: Richard B. Myers and Kate D. Flanagan of Bennett Hartman, who is designated as Settlement Class Counsel, for Plaintiffs; and Edward Choi, April Frederickson, and Matthew Tripp for Defendant Fred Meyer.

## RECITALS

**WHEREAS**, the Class Representatives are current and former employees of Fred Meyer. The Class Representatives allege that Fred Meyer violated Oregon wage laws beginning in September 2022 when it activated a new payroll system ("MyInfo") that caused widespread pay errors.

**WHEREAS**, on November 18, 2022, the Class Representatives filed a putative class action complaint against Fred Meyer in U.S. District Court for the District of Oregon, Case No. 3:22-cv-01800 (the "Action"), on behalf of a proposed class of current and former hourly paid, non-exempt employees of Fred Meyer who were employed in the State of Oregon on or after September 29, 2022 ("Proposed Class").

**WHEREAS**, on December 1, 2022, the Class Representatives filed a first amended complaint ("FAC"). The FAC alleges that Fred Meyer violated ORS 652.120, ORS 652.140, and ORS 652.610 by activating and continuing to use MyInfo. Specifically, the FAC asserts MyInfo caused widespread pay errors such as: (a) missing or late paychecks; (b) canceled direct deposits of wages; (c) missing, reduced, or inaccurately recorded work hours on paychecks; (d) reduced wage rates; (e) reduced or missing supplemental pay, such as premium wages, overtime, commission, and tips; (f) reduced or missing leave banks, such as zeroed balances for unused sick time hours; (g) incorrect or unauthorized deductions or withholdings from wages; (h) incorrect or missing statements of deductions or withholdings; and (i) delayed disbursement of deductions or withholdings to the appropriate recipients. The FAC seeks recovery of unpaid wages, late payment penalties wages for untimely payment at termination, and penalties for unauthorized deductions. In addition, the FAC asserts that the Class Representatives and members of the Proposed Class are entitled to an equitable accounting of wages from the date of activation of MyInfo.

**WHEREAS**, on January 4, 2023, Fred Meyer filed an answer to the FAC denying the alleged wage violations and asserting affirmative defenses. Although Fred Meyer admitted MyInfo caused some payroll discrepancies, it asserts that it promptly corrected the discrepancies and continued to correct the discrepancies as it became aware of them. Fred Meyer also asserts that many employees, including several of the Class Representatives, received more pay than the wages that were owed to them.

**Exhibit 1 to Decl. of Myers, Page 1 of 27**

**WHEREAS**, since the commencement of the Action, Fred Meyer and the Class Representatives (collectively the "Parties") have engaged in extensive investigation and discovery of the issues in dispute. Fred Meyer has produced over 100,000 pages of documents in response to discovery requests. Attorneys representing the Class Representatives have conducted a dozen depositions. Likewise, Fred Meyer's attorneys have conducted depositions of the Class Representatives. The Class Representatives have also produced over 2,000 pages of documents in response to discovery requests.

**WHEREAS**, on November 17, 2023, Fred Meyer filed a motion for judgment on the pleadings limiting and dismissing certain claims in the Action. On January 24, 2024, Judge Marco A. Hernandez issued an opinion granting in part and denying in part Fred Meyer's motion.

**WHEREAS**, on April 19, 2024, Fred Meyer filed a motion for partial summary judgment on certain claims and issues alleged by the Class Representatives. The Parties requested a stay of the briefing schedule while they pursued possible settlement of the Action. The court has not yet ruled on Fred Meyer's motion.

**WHEREAS**, on May 15, 2024, the Parties held a mediation with Judge John V. Acosta. In the weeks after the mediation, the Parties continued to negotiate settlement with the assistance of Judge Acosta.

**WHEREAS**, on June 25, 2024, the Parties agreed to terms memorialized in this Agreement. Counsel for the Parties have engaged in extensive arms-length negotiation in an effort to avoid and minimize the time, expense, and delay to the Parties of continued litigation. The Parties are also mindful of the substantial use of court resources necessary for continued litigation. Although there exist complex and significant unresolved factual and legal disagreements in this case, the Parties and their counsel have sufficiently evaluated the claims and issues in the Action to fairly resolve this dispute.

**NOW THEREFORE**, subject to the approval of the U.S. District Court for the District of Oregon ("Court") pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Parties wish to resolve this dispute in its entirety and agree to the following terms, which they acknowledge constitute fair, reasonable, and adequate resolution of this dispute and sufficient consideration for the mutual promises contained herein:

**Exhibit 1 to Decl. of Myers, Page 2 of 27**

## SETTLEMENT TERMS AND RELEASES

### 1.    DEFINITIONS

The following terms shall have the meanings set forth below:

**1.1.    "Action"** means the Complaint filed by Plaintiffs on or about November 18, 2022, in U.S. District Court for the District of Oregon, Case No. 3:22-cv-01800 (the "Action"), as amended by the First Amended Complaint, filed on or about December 1, 2022.

**1.2.    "Claim Form"** means a written notice, either submitted online or mailed to the Settlement Administrator, requesting additional payment under Section 4.6.1.

**1.3.    "Class Representatives"** means Samantha Woody, April Allen, Delia Cruz, Candice Trent, and Nicole Urvina.

**1.4.    "Court"** means the U.S. District Court for the District of Oregon, Portland Division.

**1.5.    "Effective Date"** means the first day that the Court is open for business after entry of the General Judgment of Dismissal with Prejudice and after the last of the following dates has passed: (i) assuming no appeal or motion to intervene is filed by any objector, five (5) days after the end of the period by which an appeal of the Court's General Judgment of Dismissal with Prejudice must be filed; (ii) in the event that the General Judgment of Dismissal with Prejudice is appealed, or a motion to intervene is filed challenging the Settlement Agreement, five (5) days after the issuance of the Appellate Mandate pursuant to Federal Rule of Appellate Procedure 41; or (iii) denial of any petition for certiorari to the U.S. Supreme Court.

**1.6.    "Fairness Hearing"** means the hearing on the Motion for Judgment and Final Approval of Settlement, which will occur no earlier than fourteen (14) days after the end of the Notice Period, or a later date as set by the Court.

**1.7.    "Final Approval"** means the date the Court enters an Order finally approving the settlement contemplated by this Settlement Agreement. Approval of this Settlement shall be deemed final and effective as of the Effective Date (defined above).

**1.8.    "General Judgment of Dismissal with Prejudice"** means the General Judgment of Dismissal with Prejudice to be submitted by the Parties and rendered by the Court consistent with this Settlement Agreement.

**1.9.    "Gross Settlement Amount"** means the amount of Three Million Dollars ($3,000,000). This sum will cover the settlement allocations to all Settlement Class members who were employed by Fred Meyer, attorneys' fees and costs, all applicable employee-paid payroll related taxes and withholdings, the total amount of the service awards to the named Plaintiffs, case administrative costs, and pre- and post-

**Exhibit 1 to Decl. of Myers, Page 3 of 27**

judgment interest. The Gross Settlement amount is exclusive of employer FICA payroll taxes that must be paid by Fred Meyer on Settlement Payments that are paid as wages.

1.10. **"Last Known Address"** means the most recently recorded mailing address for a Settlement Class Member as such information is contained in the employment or personnel records maintained by Fred Meyer.

1.11. **"Net Settlement Fund"** means the balance of the Gross Settlement Amount available for allocation to individual Class Members after deduction of all Court-approved costs associated with the Settlement, including all payments to Settlement Class Counsel for attorney fees and expenses, all payments to the Settlement Administrator for settlement administration fees and expenses, and Class Representative service awards. All individual Settlement Payments will be paid from the Net Settlement Fund.

1.12. **"Notice"** means the Notice of Proposed Class Action Settlement, substantially in the form attached as Exhibit 1, and as ultimately approved by the Court. The Notice will inform the Settlement Class Member about the Action and the Settlement Agreement.

1.13. **"Notice Period"** means the period during which Settlement Class Members must file the Claim Form or Request for Exclusion, as set forth below, and the deadline to file any objections to the Settlement. The Notice Period shall be not less than thirty (30) calendar days after the initial mailing of the Notice, or as otherwise ordered by the Court.

1.14. **"Parties"** means Samantha Woody, April Allen, Delia Cruz, Candice Trent, Nicole Urvina, on behalf of themselves and the Settlement Class Members, and Defendant Fred Meyer.

1.15. **"Preliminary Approval Date"** means the date the Court enters an order preliminarily approving this Settlement Agreement.

1.16. **"Preliminary Approval Order"** means the Court's order preliminarily approving this Settlement Agreement. The Parties shall file with the Court a proposed preliminary approval order in substantially the same form as attached as Exhibit 2.

1.17. **"Released Parties"** means Defendant Fred Meyer Stores, Inc. and all of its current and former owners, parents, subsidiaries, affiliates, successors, predecessors, assigns, directors, officers, employees, agents, legal representatives, employees, insurers and transferees, as well as Defendant's successors' and predecessors' assigns, directors, officers, agents, legal representatives, employees, insurers and transferees.

1.18. **"Released Claims"** means all claims released and waived by participating Settlement Class Members as set forth herein.

1.19. **"Request for Exclusion"** means a written notice from a Class Member

**Exhibit 1 to Decl. of Myers, Page 4 of 27**

to the Settlement Administrator requesting to be excluded from the Settlement in accordance with the terms set forth herein.

**1.20.  "Settlement Administrator"** means the entity jointly selected by the Parties and approved by the Court to serve the role of disseminating class Notice, processing claims, paying employee wage taxes, and fulfilling other requirements as set forth herein and in any orders of the Court.

**1.21.  "Settlement Administration Costs"** means the final cost of claim administration services, including the costs of administering the Notice process.

**1.22.  "Settlement Agreement"** means this Settlement Agreement and Release of alleged class action claims brought in the Action, including any permitted and executed amendments and exhibits hereto.

**1.23.  "Settlement Class"** means a settlement class of all hourly paid, non-exempt employees who were employed by Fred Meyer in the State of Oregon at any time from September 25, 2022, through September 30, 2023, subject to approval by the Court pursuant to this Settlement Agreement solely for purposes of effectuating this Settlement Agreement, who participate in the Settlement and shall receive a portion of the Net Settlement Fund. The Parties estimate that approximately 26,000 individuals could be members of the Settlement Class.

**1.24.  "Settlement Class Counsel"** means the law firm of Bennett Hartman, LLP.

**1.25.  "Settlement Class Member"** means any current or former employee of Fred Meyer who is a member of the Settlement Class, excluding any individuals who have properly opted out of the Settlement by delivering a Request for Exclusion to the Settlement Administrator.

**1.26.  "Settlement Payment"** means the portion of the Net Settlement Fund made available to each individual Settlement Class Member who participates in the Settlement.

## 2.    APPROVAL OF THE SETTLEMENT CLASS

Defendant agrees that, solely for purposes of resolving the Action and for purposes of this Settlement Agreement and its implementation, the Settlement Class shall be defined as set forth in Section 1.23. It is understood and agreed that the designation of the Settlement Class is for settlement purposes only.

The Class Representatives and Settlement Class Counsel agree to file an agreed unopposed motion to the Court for preliminary approval of the Settlement Agreement and to recommend participation in the Settlement Agreement by members of the Settlement Class. The Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to

**Exhibit 1 to Decl. of Myers, Page 5 of 27**

effectuate the terms and purposes of the Settlement Agreement and to secure the Court's Final Approval. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement, Requests for Exclusion from the Settlement, or appeal from the Court's judgment.

## 3.    APPROVAL AND SETTLEMENT CLASS NOTICE

**3.1.    Preliminary Approval by the Court.** On or before September 5, 2024, the Class Representatives shall move the Court for approval of the Settlement Class and for preliminary approval of the Settlement Agreement and all attached exhibits. Defendant shall have opportunity to review the motion prior to its filing. If the Court does not enter a Preliminary Approval Order or decides to do so only with material modifications to the terms of this Settlement Agreement, or if the Approval Order is reversed or vacated by an appellate court, then this Settlement Agreement shall become null and void, unless the Parties agree in writing to modify this Settlement Agreement and the Court approves the modified Settlement Agreement. Defendant will timely comply with the notification provisions of 28 U.S.C. § 1715.

**3.2.    Administration of Settlement Agreement by Settlement Administrator.**

**3.2.1.** The Parties have jointly selected Rust Consulting, Inc. as Settlement Administrator. The Parties agree that the Settlement Administrator shall be responsible for having all contact with Settlement Class Members during the settlement administration process, including but not limited to potential inquiries from Settlement Class Members after consultation with counsel for the Parties. The Settlement Administrator shall be responsible for: (i) disseminating the Notice to each Settlement Class Member; (ii) collecting and processing the Claim Forms and any Requests for Exclusion; (iii) preparing periodic reports as set forth below; and (iv) making all Settlement Payments including paying all required employee and employer payroll tax payments as set forth below and issuing associated tax reporting forms.

**3.2.2.** On a periodic basis, the Settlement Administrator will provide reports to Settlement Class Counsel and Defendant's counsel updating them as to the number of timely received Claim Forms and Requests for Exclusion, the names of individuals unfound, and any objections submitted by Settlement Class Members. The Settlement Administrator will provide Settlement Class Counsel and Defendant's counsel with copies of the original challenges, objection statements, or withdrawal of objection statements in a timely manner, when received.

**3.2.3.** The Parties agree and understand that that the Settlement Administrator is responsible for administering any Settlement Payments pursuant to this Settlement Agreement, including that the Settlement Administrator is responsible for making all necessary payroll withholdings and deductions required by law for any portions of the Settlement Payment allocated as wages, and sending all necessary IRS tax forms to Settlement Class Members as required by law. Defendant is responsible for

**Exhibit 1 to Decl. of Myers, Page 6 of 27**

the funding of its respective employer share of FICA payroll tax contributions prior to the Settlement Administrator's issuance of Settlement Payments.

**3.2.4.** Within seven (7) calendar days following the Court's Order granting preliminary approval of the Settlement, Defendant will forward to the Settlement Administrator the names and contact information for the Settlement Class Members, including their Last Known Address and social security numbers (if available).

**3.3.  Notice.**

**3.3.1.** Within thirty (30) days of entry of the Preliminary Approval Order by the Court, or a later date approved by the Court, the Settlement Administrator shall disseminate the Notice as appropriate (in substantially the form reflected in Exhibit 1 as approved by the Court) to all Settlement Class Members by First Class U.S. mail, postage prepaid to the Settlement Class Member's Last Known Address.

**3.3.2.** Prior to mailing the Notice, the Settlement Administrator shall see that an updated address for each Settlement Class Member is obtained from the National Change of Address database maintained by the U.S. Postal Service, or other reasonable means to verify the accuracy of the addresses before the initial mailing to ensure that the Notice is sent to Settlement Class Members at the addresses most likely to result in prompt receipt. It shall be presumed that if an envelope is not returned as undelivered or undeliverable, the Settlement Class Member received the Notice. If a Notice is returned undeliverable, within five (5) business days, the Settlement Administrator will do one of the following: (i) if the Notice was returned with a forwarding address provided by the U.S. Postal Service, the Settlement Administrator will resend the Notice to that forwarding address; or (ii) if the Notice is returned as undeliverable and without a forwarding address, the Settlement Administrator will perform a single "skip trace" search through LexisNexis AllFind or comparable address database, using the social security number of the Settlement Class Member involved, and, if the Settlement Administrator obtains a different address from the skip trace, it will resend the Notice to that address. Defendant will provide the Settlement Administrator with additional available information from its personnel records, as needed, to facilitate this effort.

**3.4.  Objections to Settlement Agreement.**

**3.4.1.** Settlement Class Members who wish to present objections to the Settlement Agreement at the Fairness Hearing must first do so in writing. The written objection must set forth the factual and legal bases for the objection. To be considered, such objection must be filed with the Court and sent to Settlement Class Counsel and Defendant's counsel via email or First Class U.S. Mail, postage prepaid, and be postmarked by the deadline specified in the Notice, which shall be not less than thirty (30) days after the Notice is mailed to the Settlement Class Member.

**3.4.2.** Settlement Class Members who file Requests for Exclusion of the

**Exhibit 1 to Decl. of Myers, Page 7 of 27**

Settlement Class are not entitled to file objections.

**3.4.3.** An objector has the right to appear at the Fairness Hearing either in person or through counsel. An objector who wishes to appear at the Fairness Hearing must state their intention to do so at the time they submit their written objections. The Parties will not object to an objector seeking Court approval to withdraw their objections. No Settlement Class Member may appear to object at the Fairness Hearing unless they have filed a timely objection that complies with the procedures provided for in Section 3.4.1.

**3.4.4.** A Settlement Class Member who does not file a Request for Exclusion from the Settlement and submits an objection nevertheless remains bound by the Settlement Agreement, including the Release of Claims set forth in Section 5.

### 3.5.    Request for Exclusion.

**3.5.1.** Settlement Class Members who wish to be excluded from the Settlement must return a written Request for Exclusion to the Settlement Administrator, postmarked by the deadline specified in the Notice, which shall be not less than thirty (30) days after the Notice is mailed to the Settlement Class Member. A Request for Exclusion form will not be honored if postmarked after this deadline. To be valid, the Request for Exclusion must be written and contain the following information: the Settlement Class Member's name, address, and signature, and the statement: "I wish to be excluded from the Settlement in the case of *Woody et al. v. Fred Meyer Stores, Inc.*"

**3.5.2.** Within seven (7) calendar days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall notify Settlement Class Counsel and Defendant's counsel how many written Requests for Exclusion were timely or untimely submitted, and any additional untimely Requests for Exclusion it receives on an ongoing basis. The Settlement Administrator will notify any Settlement Class Members whose Requests for Exclusion were untimely or denied for other reasons.

**3.5.3.** Any Settlement Class Member who does not timely submit a valid Request for Exclusion will be bound by the Release of Claims set forth in Section 5 of this Settlement Agreement and will receive a Settlement Payment. Any Settlement Class Member who timely submits a valid Request for Exclusion will not be bound by the Release of Claims set forth in Section 5 of this Settlement Agreement and will not receive a Settlement Payment.

**3.6.    Motion for Entry of General Judgment of Dismissal with Prejudice and Final Approval of Settlement.** Not later than fourteen (14) days after the end of the Notice Period or such other date as the Court may set, Settlement Class Counsel shall file a motion requesting that the Court grant Final Approval of the Settlement Agreement and enter the General Judgment of Dismissal with Prejudice, and that the Court hold a hearing with the Parties to decide the Final Approval of the Settlement Agreement ("Fairness Hearing"). Defendant shall have opportunity to review

**Exhibit 1 to Decl. of Myers, Page 8 of 27**

the motion for Final Approval prior to its filing. The Parties will ask the Court to set the date of the Fairness Hearing at the time of granting of preliminary approval of the Settlement Agreement so that the date may be included with the Notice to the Settlement Class Members.

**3.7.    Entry of General Judgment of Dismissal with Prejudice.** At the Fairness Hearing, the Parties will request that the Court, among other things: (i) approve the Settlement Agreement as final, fair, reasonable, adequate and binding on all Settlement Class Members who have not timely opted out of the Settlement; (ii) determine that adequate Notice was provided to the Settlement Class Members; (iii) approve payment of a service award to Class Representatives; (iv) approve payment to Settlement Class Counsel of Settlement Class Counsel's attorney fee and cost award; (v) approve payment of settlement administration costs and expenses to the Settlement Administrator; (vi) enter an order permanently enjoining all Settlement Class Members who did not file timely and valid Requests for Exclusions from pursuing and/or seeking to reopen claims that have been released by the Settlement Agreement; (vii) dismiss the Complaint and the Action with prejudice and without further fees or costs to any Party; and (ix) enter the General Judgment of Dismissal with Prejudice.

**3.8.    Non-Approval of Settlement Agreement.** If the Court for any reason fails to approve this Settlement Agreement in the form agreed to by the Parties, or if the Court for any reason fails to enter a judgment of dismissal with prejudice after approval of this Settlement Agreement, or if the orders or judgment of the Court necessary to accomplish the terms of this Settlement Agreement are reversed or modified on appeal for any reason, then this Settlement Agreement shall be considered null and void, and the parties to this Settlement Agreement shall stand in the same position, without prejudice, as if the Settlement Agreement had been neither entered into nor filed with the Court, except that Fred Meyer shall be responsible for all settlement administration costs incurred by the Settlement Administrator up to the date of the non-approval of this Settlement Agreement, as well as the cost of notice to Settlement Class Members as may be necessary; provided, however, that if the Parties subsequently reach an amended or modified settlement of this Action after non-approval of this Settlement Agreement, such settlement administration costs shall be credited to Fred Meyer from the gross settlement amount of such future settlement. In the event that this Settlement Agreement is determined to be null and void pursuant to this Section, the statute of limitations for any claim not alleged in the First Amended Complaint, but that could have reasonably been alleged, such as a claim of conversion or any other violations of ORS Chapters 652 and 653, shall be tolled from September 5, 2024, until the 60th day after termination of this Settlement Agreement.

**3.9.    Nullification of Settlement Agreement.** Fred Meyer reserves the right to withdraw from and nullify this Settlement Agreement at any time before the Court's Final Approval of this Settlement Agreement if one or both of the conditions in Sections 3.9.1 and 3.9.2 are met. In the event that Fred Meyer elects to nullify this Settlement Agreement pursuant to this Section, Fred Meyer shall promptly provide written notice to Settlement Class Counsel and the Settlement Administrator, which will provide notice of the nullification to Settlement Class Members (if Notice has already

**Exhibit 1 to Decl. of Myers, Page 9 of 27**

been provided). Nullification of this Settlement Agreement by Fred Meyer shall otherwise have the same effect as non-approval under Section 3.8.

**3.9.1. Member Opt-Outs.** Fred Meyer may nullify this Settlement Agreement if more than five percent of the individuals eligible to be members of the Settlement Class, as defined above, opt out of this Settlement after receiving Notice from the Settlement Administrator. Notwithstanding Fred Meyer's right to nullify based on this condition, nothing in this Settlement Agreement requires a minimum number of Settlement Class Members to participate in this Settlement.

**3.9.2. Union Charges and Grievances.** Fred Meyer may nullify this Settlement Agreement if, prior to the date of the Fairness Hearing, Fred Meyer does not receive a signed, written waiver and release, in a form satisfactory to Fred Meyer, from any of the labor unions representing any of the Settlement Class Members withdrawing and waiving any pending or active charges, grievances, or claims of any kind based on MyInfo pay discrepancies or errors occurring at any time from September 25, 2022, through September 30, 2023, or arising from the same or similar predicate facts as alleged in the First Amended Complaint. Notwithstanding Fred Meyer's right to nullify based on this condition, nothing in this Settlement Agreement requires a labor union to withdraw or waive any charge, grievance, or claim brought on its own behalf or on behalf of its members.

## 4.    SETTLEMENT PROCEEDS

As consideration for the release of claims and other promises contained herein, and subject to approval by the Court, Fred Meyer agrees to pay the Gross Settlement Amount, to be distributed as follows. In no event will Fred Meyer or any of the Released Parties be required to provide additional funds or pay more than the Gross Settlement Amount. Fred Meyer agrees not to oppose or object to the amounts or allocation of payments set forth below when the Parties seek preliminary or final approval of the Settlement by the Court. The Parties agree that any change to the allocation of the Gross Settlement Amount shall constitute a material modification to this Settlement Agreement.

**4.1.    Settlement Amount.** Defendant Fred Meyer agrees to pay the Gross Settlement Amount in the sum of $3,000,000 to fully resolve all claims or potential claims by or on behalf of the Class Representatives and the Settlement Class Members pursuant to the terms of this Settlement Agreement. The Gross Settlement Amount shall be inclusive of all attorneys' fees and costs, all applicable employee-paid payroll related taxes and withholdings, the total amount of the service awards to the named Plaintiffs, case administrative costs, and pre- and post-judgment interest. The Gross Settlement Amount is the maximum that Fred Meyer or any of the Released Parties will be required to pay pursuant to this Agreement, exclusive of employer-paid FICA payroll taxes on any Settlement Payments that are paid as wages.

**4.2.    Tender of Funds to Settlement Administrator.** Within seven (7) calendar days after the Effective Date of this Settlement Agreement, or after the

**Exhibit 1 to Decl. of Myers, Page 10 of 27**

Settlement Administrator provides Fred Meyer with sufficient information to determine its employer-paid share of FICA payroll taxes on any Settlement Payments to be allocated as wages, whichever is later, Fred Meyer shall tender to the Settlement Administrator the Gross Settlement Amount, plus the funds necessary to pay employer-paid FICA payroll taxes on any Settlement Payments that are paid as wages. The Settlement Administrator shall issue payments from the Gross Settlement Amount in accordance with the terms set forth in the following Sections 4.3 through 4.6.

**4.3.    Service Award to Class Representatives.** Each of the Class Representatives shall receive $9,500 (collectively $47,500) for their efforts on behalf of the Settlement Class to litigate the Action. This service award shall be in addition to amounts paid under Section 4.6.2 to each individual Class Representative.

**4.4.    Attorney Fees and Costs to Settlement Class Counsel.** Subject to Court approval, Settlement Class Counsel shall receive $750,000 (25% of the Gross Settlement Amount) as attorney fees, plus $51,838.75 for reimbursement of litigation costs and expenses. Defendant does not object to the requested attorney fees or costs. The Parties agree that Settlement Class Counsel, the law firm of Bennett Hartman LLP, is competent to represent the Settlement Class and shall serve as class counsel. As a condition of payment of attorney fees and costs under this Settlement Agreement, Settlement Class Counsel will not be entitled to, and will not seek, any attorney fees and costs under the Action other than the amounts agreed to herein, unless the Settlement Agreement is not approved under Section 3.8 or nullified under Section 3.9.

**4.5.    Administrator Expenses.** The costs and expenses of the Settlement Administrator selected by the Parties shall be paid from the Gross Settlement Amount, unless this Settlement Agreement is not approved or nullified, in which case the Settlement Administrator's costs and expenses shall be paid in accordance with Section 3.8.

**4.6.    Payments to Settlement Class Members.** Within fourteen (14) calendar days after receipt of the Gross Settlement Amount from Fred Meyer by the Settlement Administrator, and deduction of the payments in Sections 4.3 through 4.5 above, the Settlement Administrator shall issue Settlement Payments to the Settlement Class Members from the Net Settlement Fund in accordance with the following eligibility and settlement formula requirements:

**4.6.1.  Claims-Made Distribution.** In addition to amounts paid under Section 4.6.2 below, each Settlement Class Member may submit a completed Claim Form to the Settlement Administrator for an additional payment under one or both of the following categories:

**4.6.1.1.**    The total sum of $200 to any Settlement Class Member identifying at least one paycheck from September 25, 2022, through December 31, 2022, containing an inaccurate rate of pay or inaccurate worked hours; and/or

**4.6.1.2.**    The total sum of $200 to any Settlement Class

Page 11 of 17

**Exhibit 1 to Decl. of Myers, Page 11 of 27**

Member identifying at least one missing or late paycheck from September 25, 2022, through December 31, 2022.

For any claims submitted to the Settlement Administrator, the Settlement Class Member shall be required to complete the Claim Form and identify the pay period(s) in which the alleged pay discrepancy occurred to be considered a valid claim under Section 4.6.1. As a condition of payment for each claim, Fred Meyer may verify whether such alleged pay discrepancy occurred in fact and provide evidence if it disputes whether such discrepancy occurred or is otherwise invalid. Payment of the claim shall not, however, require evidence or verification that the alleged pay discrepancy was caused by activation of the MyInfo payroll system.

**4.6.2. Distribution to Each Settlement Class Member.** After subtraction of amounts under Section 4.6.1 from the Net Settlement Fund, the balance of the Net Settlement Fund shall be distributed equally—but not less than $50 and not more than $100 per payment—to each Settlement Class Member, no part of which constitutes wages, back pay, front pay, or other remuneration for services. If the remaining sum of the Net Settlement Fund after subtraction of amounts under Sections 4.3 through 4.6.1 is not sufficient to pay at least $50 to each Settlement Class Member, then the amounts paid under Section 4.6.1 shall be reduced on a pro rata basis so as to make the remainder sufficient. If the remaining sum after the foregoing reduction to amounts paid under Section 4.6.1 is still insufficient to pay at least $50 per Settlement Class Member, then amounts under this Section 4.6.2 shall be reduced on a pro rata basis to make an equal distribution to each Settlement Class Member. In no event shall Fred Meyer be required to provide additional funds or pay more than the Gross Settlement Amount. The maximum payment to any individual Settlement Class Member under Section 4.6 shall be $500.

**4.7.    Payment Method and Reversion.** Each of the payments described in Sections 4.3 through 4.6 above shall be made payable with a check or money order with an expiration period of no less than sixty (60) days. Any funds or checks not redeemed by the end of the expiration period, or funds otherwise not claimed or distributed from the Net Settlement Fund by the end of the expiration period, shall be issued as a cy pres distribution to Northwest Employment Education Defense Fund, d.b.a. Northwest Workers' Justice Project. No funds from the Gross Settlement Amount or Net Settlement Fund shall revert to Fred Meyer.

**4.8.    Disputes Regarding Class Inclusion or Distribution.** If any dispute arises as to whether an individual has filed a timely and valid Request for Exclusion from the Settlement, whether an individual is a member of the Settlement Class, or whether an individual is entitled to distribution under Section 4.6, including but not limited to any claims-made distributions, counsel for the Parties shall first endeavor in good faith to resolve the dispute. Any disputes that cannot be resolved by counsel may be brought to the Court on an informal basis. Resolution of any disputes shall be reflected in the Parties' motion for Final Approval, and such approval by the Court shall be final and binding.

**Exhibit 1 to Decl. of Myers, Page 12 of 27**

**4.9.    Taxation of Settlement Payments.** The Parties agree that: (i) amounts paid under Section 4.6.1 shall be categorized as backpay and wages subject to standard payroll taxes and withholdings; (ii) amounts paid under Section 4.6.2 shall be categorized as non-wage statutory penalties no part of which constitutes wages, back pay, front pay, or other remuneration for services, and is not subject to payroll taxes and withholdings; and (iii) service award payments to the Class Representatives under Section 4.3 shall be categorized as general damages no part of which constitutes wages, back pay, front pay, or other remuneration for services and are not subject to payroll withholdings. Plaintiffs shall provide a W-9 Form for Settlement Class Counsel and each Class Representative prior to distribution of settlement proceeds.

The Parties agree and acknowledge that Fred Meyer and the Released Parties, including their representatives and attorneys, have not made any representations, promises, warranties, explicit or implied, or offered any advice regarding any federal, state, local, or non-U.S. tax consequences of the payments to be made under this Settlement Agreement. Except for any amounts withheld for applicable tax purposes, which shall be deposited with the appropriate governmental authority, the Parties agree that each Settlement Class Member is solely responsible for their federal, state, local and non-U.S. tax obligations, liabilities, interest and penalties, including all reporting and payment obligations, which may arise as a consequence of this settlement. Settlement Class Members agree to indemnify and hold the Released Parties harmless with respect to any employee-paid portion of taxes, interest, or penalties that may arise from any reclassification of any of the Settlement Payments by the IRS. Plaintiffs and the Settlement Class Members agree and acknowledge that Fred Meyer and the Released Parties have no obligation to indemnify or defend them in any tax proceedings or from any tax consequences that could result from payments made in accordance with this Settlement Agreement. The foregoing terms shall be made clear and explicit in the Notice to Settlement Class Members.

## 5.    RELEASE OF CLAIMS

**5.1.    Released Claims.** As of the Effective Date of this Settlement Agreement, all Settlement Class Members who have not timely and validly requested exclusion, including the Plaintiffs, and all those who claim through them or assert claims on their behalf, will unconditionally and irrevocably release and discharge Fred Meyer and the Released Parties from the "Released Claims," which are defined as:

> Any and all federal and state claims, demands, rights, liabilities, and causes of action that were or could have been alleged in the Action based on the same or similar predicate facts and allegations in the First Amended Complaint, whether known or unknown, that arose on or before the Preliminary Approval Date of this Settlement Agreement, including, but not limited to, any claims for MyInfo-related pay errors, unpaid wages, tips, commissions, other compensation, unlawful or improper withholdings and deductions, violations of any federal, state, or local wage and hour laws, rules and regulations (including without limitation ORS Chapters 652 and 653), claims under contract or common law, including,

**Exhibit 1 to Decl. of Myers, Page 13 of 27**

but not limited to, conversion, unjust enrichment, quantum meruit, and equitable accounting, whether for economic damages, non-economic damages, consequential damages, restitution, penalties, punitive damages, liquidated damages, or attorney fees and costs, in any forum or proceeding, including, but not limited to, federal and state courts, union grievances, and administrative or agency complaints (for example, the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board, or the Oregon Bureau of Labor and Industries).

**5.2.    Grievances and Complaints.** In addition to the foregoing Release of Claims, and as a condition precedent to receiving any Settlement Payment, all Settlement Class Members agree: (i) to forever withdraw and waive any pending grievances, complaints, or charges initiated or brought by the Settlement Class Member on their own behalf, to the extent any exist, based on the same or similar predicate facts and allegations in the First Amended Complaint; (ii) to promise not to initiate or bring any grievances, complaints, or charges in the future based on the same or similar predicate facts and allegations in the First Amended Complaint; and (iii) to disclaim any right to monetary recovery, damages, or penalties of any kind in any current or future grievances, complaints, or charges based on the same or similar predicate facts and allegations in the First Amended Complaint brought on their behalf by a union or governmental agency (for example, the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board, or the Oregon Bureau of Labor and Industries). Notwithstanding the foregoing promises, nothing in this Settlement Agreement limits the rights of any Settlement Class Member to report a purported violation of law to a governmental agency, to assist in any investigation by a governmental agency, to respond to a subpoena or testify in any legal proceeding, or to engage in concerted activity pursuant to 29 U.S.C. § 157.

**5.3.    No Prior Assignments.** The Settlement Class Representatives represent and warrant that they have not assigned, transferred, conveyed, or otherwise disposed of, or purported to assign, transfer, convey, or otherwise dispose of, any Released Claims.

**5.4.    Additional Attorney Fees and Costs.** Settlement Class Counsel waive any and all claims to attorney fees and costs in connection with the Action other than the payments for attorney fees and costs specifically provided for in this Settlement Agreement and approved by the Court or on any subsequent appeal, unless this Settlement Agreement is not approved under Section 3.8 or nullified under Section 3.9.

**6.    NON-ADMISSION OF LIABILITY**

The Parties agree that this Settlement Agreement is entered into solely to resolve disputed claims, and that nothing herein is to be construed or interpreted as an admission by any Party of any wrongdoing, either in violation of an applicable law or otherwise. The Parties may not rely on any provisions of this Settlement Agreement to prove or disprove liability in the Action if the Court does not approve the Settlement

**Exhibit 1 to Decl. of Myers, Page 14 of 27**

Agreement or if the Settlement Agreement is nullified.

## 7.    MISCELLANEOUS

**7.1.    Mutual Cooperation, Support, and Defense.** The Parties agree to cooperate fully and in good faith to accomplish and implement the terms of this Settlement Agreement, and to support this Settlement Agreement in good faith against challenge or objection. As soon as practicable after execution of this Settlement Agreement, the respective counsel of Fred Meyer and the Class Representatives shall use their best efforts and take all necessary and reasonable steps to secure the Court's Final Approval of this Settlement Agreement in the form agreed to by the Parties.

**7.2.    No Attempt by Parties to Object; Waiver of Appeal.** The Class Representatives, Settlement Class Counsel, Defendant, and Defendant's counsel each represent and warrant that they have not attempted, nor will they attempt, (i) to avoid this Settlement Agreement in any way, other than as allowed by the provisions set forth herein; or (ii) to solicit or encourage in any fashion any effort by any entity or person, natural or legal, to object to the settlement set forth in this Settlement Agreement. The Parties further agree to waive all appeals from the Court's entry of General Judgment of Dismissal with Prejudice, unless the Court materially modifies the Settlement Agreement. In no event, however, shall Defendant pay more than the Gross Settlement Amount.

**7.3.    Class Representatives as Signatories.** Because the class members are too numerous to each sign this Settlement Agreement, the Parties agree that this Settlement Agreement may be executed by the Class Representatives on behalf of members of the Settlement Class and shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

**7.4.    Binding Effect.** Each individual signing this Settlement Agreement hereby represents that all legal action necessary for the execution of this Settlement Agreement has been validly taken, and that their signature is binding on the Party for whom they sign, including the Settlement Class Members and their spouses, children, representatives, agents, heirs, administrators, executors, beneficiaries, conservators, trustees, and assigns. The Parties agree that this Settlement Agreement is contractual and not mere recitals.

**7.5.    Continuing Jurisdiction.** The Court shall retain jurisdiction over the implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the implementation of this Settlement Agreement and of the settlement contemplated thereby.

**7.6.    Arms-Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length. All terms and conditions of this Settlement Agreement are material and have been relied upon by the Parties entering into this Settlement Agreement.

**Exhibit 1 to Decl. of Myers, Page 15 of 27**

**7.7.     Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings of the Parties shall be deemed merged into this Settlement Agreement.

**7.8.     Waivers, Modifications, and Amendments.** No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of future performance of the same provision or of any other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all provisions of this Settlement Agreement.

**7.9.     Mutual Drafting.** The Parties agree that, through their counsel, they have mutually and equally participated in drafting this Settlement Agreement, and therefore any ambiguities or uncertainties contained herein shall not be resolved in favor of any Party on grounds that Party caused the ambiguities or uncertainties when drafting the Settlement Agreement.

**7.10.     Headings and Captions.** The headings and titles of sections and subsections are inserted into this Settlement Agreement for organization and convenience only and shall have no effect upon the construction or interpretation of any term in this Settlement Agreement.

**7.11.     Choice of Law.** This Settlement Agreement is intended to and shall be governed by the laws of the State of Oregon without regard to conflicts of law principles.

**7.12.     Counterparts.** This Settlement Agreement may be executed in multiple counterparts, each of which is deemed to be an original so that all counterparts constitute one and the same document. Faxed and electronic signatures on this Settlement Agreement shall be sufficient and equivalent to original signatures.

[SIGNATURES ON NEXT PAGE]

**Exhibit 1 to Decl. of Myers, Page 16 of 27**

**DEFENDANT FRED MEYER STORES, INC.**

_____          ____8/22/24____
Signature                                 Date

Steve Prough  VP
Title / Printed Name


**SETTLEMENT CLASS REPRESENTATIVES**

_____          08/26/2024
Signature of Samantha Woody               Date

_____          08/26/2024
Signature of April Allen                  Date

_____          08/27/2024
Signature of Delia Cruz                   Date

_____          08/26/2024
Signature of Candice Trent                Date

_____          08/27/2024
Signature of Nicole Urvina                Date


Page 17 of 17

**Exhibit 1 to Decl. of Myers, Page 17 of 27**

# EXHIBIT 1
# CLASS NOTICE

**Exhibit 1 to Decl. of Myers, Page 18 of 27**

IMPORTANT LEGAL MATERIALS                                     Claimant ID #:

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>> <<State>> <<Zip10>>

---

**NOTICE OF CLASS ACTION SETTLEMENT**

---

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- You are receiving this notice because records show that you were an hourly paid, non-exempt employee employed by Fred Meyer Stores, Inc. in Oregon at some time from September 25, 2022, through September 30, 2023.

- A class action lawsuit was filed by individuals asserting, on behalf of themselves and similarly situated employees, that Fred Meyer Stores, Inc. violated Oregon wage laws. Fred Meyer Stores, Inc. denies it violated any laws.

- The parties reached a settlement described in this notice. You have been identified as a member of the class, and this notice outlines your rights and options pursuant to the settlement.

- If the court approves the settlement, you will automatically receive payment unless you exclude yourself from the settlement by opting out as explained below.

- Please read this notice carefully. It explains your legal rights.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you don't exclude yourself, you will receive a payment if the settlement is approved by the court. You will also be bound by the settlement, including the release of legal claims. |
| **SUBMIT A CLAIM** | You have the option to submit a claim (or claims) to receive additional payment if you believe one or more of your paychecks was missing or late, or contained an inaccurate rate of pay or inaccurate work hours. The deadline to submit a claim is [INSERT DATE]. If you submit a claim and the settlement is approved by the court, you will also be bound by the settlement, including the release of legal claims. |
| **ASK TO BE EXCLUDED** | If you ask to be excluded by opting out of the settlement, you will *not* receive a share of the settlement funds and you will *not* be bound by the settlement. The deadline to opt out is [INSERT DATE]. |
| **FILE AN OBJECTION** | You may object and tell the court why you don't want the settlement to be approved. If the court approves the settlement despite your objection, you will still receive a payment as part of the settlement and will still be bound by the settlement, including the release of claims. You can't object to the settlement if you've opted out. The deadline to object is [INSERT DATE]. |

**For more information, please visit [INSERT WEBSITE] or call [INSERT CALL CENTER NUMBER].**

- 1 -

**Exhibit 1 to Decl. of Myers, Page 19 of 27**

## BACKGROUND OF THE LAWSUIT

On November 18, 2022, a class action lawsuit (the "Lawsuit") was filed in U.S. District Court for the District of Oregon (the "Court") captioned *Samantha Woody, April Allen, Delia Cruz, Candice Trent, and Nicole Urvina v. Fred Meyer Stores, Inc.*, Case No. 3:22-cv-01800.

The plaintiffs, Samantha Woody, April Allen, Delia Cruz, Candice Trent, and Nicole Urvina (the "Class Representatives") asserted, on behalf of themselves and purportedly on behalf of putative class members, that Fred Meyer Stores, Inc. ("Fred Meyer") violated Oregon wage laws beginning in September 2022 when it activated the MyInfo payroll system. Specifically, the Lawsuit alleges that MyInfo caused widespread pay errors such as: (a) missing or late paychecks; (b) canceled direct deposits of wages; (c) missing, reduced, or inaccurately recorded work hours; (d) reduced wage rates; (e) reduced or missing supplemental pay, such as premium wages, overtime, commission, and tips; (f) reduced or missing leave banks, such as zeroed balances for unused sick time; (g) incorrect or unauthorized deductions or withholdings from wages; (h) incorrect or missing statements of deductions or withholdings; and (i) delayed disbursement of deductions or withholdings to the appropriate recipients. The Lawsuit seeks certification of a class and recovery of unpaid wages under ORS 652.120, late payment penalties wages for untimely payment at termination under ORS 652.150, penalties for unauthorized deductions under ORS 652.615, and an equitable accounting of wages from the date of activation of MyInfo (the "Claims").

The Class Representatives and Fred Meyer (together, the "Parties") have engaged in extensive good faith, arm's-length negotiation in an effort to avoid and minimize the time, expense, and delay of continued litigation. Although there exist complex and significant unresolved factual and legal disagreements in this case, attorneys for the Parties believe they have sufficiently evaluated the claims and issues in the case to fairly resolve this dispute. Since the filing of the Lawsuit, attorneys representing the Class Representatives have conducted a dozen depositions. Fred Meyer has produced over 100,000 pages of documents in response to discovery requests. The Class Representatives have likewise produced over 2,000 pages of documents in response to discovery requests, and Fred Meyer's attorneys have conducted depositions of each of the Class Representatives. The Parties and their counsel recognize that the outcome of continued litigation is uncertain.

The Parties have reached a proposed settlement to resolve the legal dispute between them, memorialized in a Settlement and Release Agreement (the "Settlement"), under which the benefits described below will be provided to Class Members. The agreed upon class, for settlement purposes only, consists of all hourly, non-exempt employees who were employed by Fred Meyer in Oregon at any time from September 25, 2022, through September 30, 2023 (the "Class" or "Class Members"). The Parties believe that the Class includes approximately 26,000 individuals, including the five Class Representatives.

The Class Representatives are represented by the law firm of Bennett Hartman, LLP (the "Class Counsel"). The Court has preliminarily approved the Class Counsel to represent the Class in this matter. The Class Counsel recommends the Settlement, believing it is fair, reasonable, and adequate to the Class.

## SUMMARY OF THE SETTLEMENT

The following description of the proposed Settlement is only a summary. You may obtain a copy of the complete settlement agreement at [INSERT WEBSITE]. The terms of the Settlement relevant to the Class Members is summarized as follows:

Fred Meyer will pay the total amount of $3,000,000 to a non-reversionary fund (the "Settlement Fund") to settle the Claims. **IT IS IMPORTANT THAT YOU UNDERSTAND THAT THIS AMOUNT REPRESENTS ONLY THE AGREED TOTAL SETTLEMENT PAYMENT. THE ACTUAL AMOUNT DISTRIBUTED TO ANY ONE INDIVIDUAL CANNOT BE KNOWN UNTIL FINAL APPROVAL OF THE SETTLEMENT UPON COMPLETION OF THE APPLICABLE PROCEEDINGS.**

**For more information, please visit [INSERT WEBSITE] or call [INSERT CALL CENTER NUMBER].**

- 2 -

**Exhibit 1 to Decl. of Myers, Page 20 of 27**

A settlement administrator will calculate the amount of the Settlement Fund that will be distributed to Class Members on an individualized basis pursuant to the terms of the Settlement. The Settlement states that each member of the Class will receive a minimum amount expected to be between $50 and $100. Members of the Class may submit additional claims for one or both of the following: (1) up to $200 to a Class member who identifies one or more paychecks from September 25, 2022, through December 31, 2022, containing an inaccurate rate of pay or inaccurate work hours; and/or (2) up to $200 to a Class member who identifies one or more missing or late paychecks from September 25, 2022, through December 31, 2022. Anyone who submits a claim will also be entitled to recover the minimum payment expected to be between $50 and $100. Therefore, the maximum amount that a Class member may receive if they submit both claims will be a total of $500 (up to $200 for each of the two claims, and up to $100 for the minimum Class-wide payment).

Distribution of the Settlement Fund will be made by Fred Meyer to a settlement administrator, Rust Consulting, Inc., pursuant to the terms of the Settlement. The Class Counsel will receive attorney fees in the amount of twenty-five percent of the gross Settlement Fund, as well as reimbursement of reasonable litigation expenses. The five Class Representatives will each receive a one-time payment of $9,500 for their service in this matter in their capacity as Class Representatives. Expenses for settlement administration will also be paid from the Settlement Fund. The settlement administrator will thereafter distribute the net Settlement Fund in the form of individualized payment to each Class Member. The Settlement will only become effective if the Court approves it.

If a check issued to a Class Member from the Settlement Fund is not deposited or negotiated within sixty (60) days of its date of issuance (the "Residual Funds"), such Residual Funds will be donated to Northwest Workers' Justice Project ("NWJP"). No portion of the Residual Funds will revert to Fred Meyer for any reason, nor will they be distributed to the Class Counsel except as set forth in the Settlement.

## Possible Tax Consequences of the Settlement Fund Payments

The Settlement Fund reflects the Parties' good faith negotiations regarding a number of aggregated and liquidated (and in some cases unknowable) categories of potential damages. Therefore, the Parties have deemed the minimum payment to each member of the Class as non-wage statutory penalties no subject to payroll withholdings. However, payments under the claims-made process have been deemed backpay and wages subject to standard payroll withholdings, and for which Fred Meyer will issue an IRS Form W-2. Notwithstanding the foregoing, Fred Meyer has not made any representations or offered any advice regarding federal, state, local, or non-U.S. tax consequences of the payments to be made from the Settlement Fund. Except for any amounts withheld for applicable tax purposes, which will be deposited with the appropriate governmental authority, each member of the Class is solely responsible for their federal, state, local and non-U.S. tax obligations, liabilities, interest and penalties, including all reporting and payment obligations, which may arise as a consequence of the Settlement.

## Release of Legal Claims and Effect of Approval of Settlement

Upon resolution of the Action by the Court, the Settlement will result in dismissal of the Action against Fred Meyer with prejudice and without fees or costs to either party, and will constitute a release of legal claims by the Class Members, except for each member of the Class who properly opts out of the Settlement. Released legal claims will include any and all federal and state claims, demands, rights, liabilities, and causes of action that were or could have been alleged in the Lawsuit based on the same or similar predicate facts, whether known or unknown, that arose on or before [INSERT PRELIMINARY APPROVAL DATE], including, but not limited to, any claims for MyInfo-related pay errors, unpaid wages, tips, commissions, other compensation, unlawful or improper withholdings and deductions, violations of any federal, state, or local wage and hour laws, rules and regulations (including without limitation ORS Chapters 652 and 653), claims under contract or common law, including, but not limited to, conversion, unjust enrichment, quantum meruit, and equitable accounting, whether for economic damages, non-economic damages, consequential damages, restitution, penalties, punitive damages, liquidated damages, or attorney fees and costs, in any forum or proceeding, including, but not limited to, federal and state courts, union grievances, and administrative or agency complaints (for example, the U.S. Equal Employment

**For more information, please visit [INSERT WEBSITE] or call [INSERT CALL CENTER NUMBER].**

**Exhibit 1 to Decl. of Myers, Page 21 of 27**

Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board, or the Oregon Bureau of Labor and Industries). As a condition to receiving payment under the Settlement, Class Members promise: (1) not to initiate any lawsuits, grievances, charges, or other legal actions based on the same or similar predicate facts and claims alleged in the <u>Lawsuit</u>, (2) to disclaim any right to monetary recovery, damages, or penalties in any grievance, complaint, or charge brought by their union, current or in the future, based on the same or similar predicate facts or claims as alleged in the <u>Lawsuit</u>; and (3) to withdraw any pending lawsuits, grievances, charges, or other legal actions that have been brought by Class Members themselves, to the extent any exist, based on the same or similar predicate facts or claims as alleged in the <u>Lawsuit</u>. Please note that this release could apply to any legal claim you may have previously filed against Fred Meyer. Therefore, you may wish to seek advice from independent counsel regarding your rights under the Settlement and the effect of the release of legal claims.

**INSTRUCTIONS FOR EACH OPTION OF A PROPOSED CLASS MEMBER**

**1.  <u>Do Nothing</u>**

If you want to participate in the Settlement, you do not have to do anything. You will automatically be included in the Settlement and receive a payment from the Settlement Fund if the Settlement is approved by the Court as final. You will also be bound by the Settlement, including the release of legal claims described above, if the Settlement is approved by the Court as final.

**2.  <u>Submit a Claim (or Claims) for Additional Payment</u>**

You may submit one or both of the following claims to receive additional payment: (1) a claim for up to $200 if you identify one or more paychecks from September 25, 2022, through December 31, 2022, containing an inaccurate rate of pay or inaccurate work hours; and/or (2) a claim for up to $200 if you identify one or more missing or late paychecks from September 25, 2022, through December 31, 2022. If you submit a claim, you will be bound by the Settlement, including the release of legal claims described above, if the Settlement is approved by the Court as final.

To submit a claim or claims, you must complete an online claim form at [INSERT WEBSITE] or mail a written statement to the settlement administrator at: [INSERT ADDRESS].

The statement must contain: (1) your name, (2) your address, (3) a statement that you are submitting a claim for additional payment in the matter of *Woody et. al. v. Fred Meyer Stores, Inc.*, and (4) a list identifying the pay period(s) and/or date(s) of one or more paychecks from September 25, 2022, through December 31, 2022, that you believe was missing or late, or that contained an inaccurate rate of pay or inaccurate work hours. After receiving your claim or claims, Fred Meyer may verify the alleged pay discrepancy. However, payment of the claim will not require evidence or verification that the alleged pay discrepancy was caused by activation of the MyInfo payroll system. Regardless of whether or not your claim is verified, you will receive a minimum payment from the Settlement Fund.

The deadline to submit a claim is 30 days from the date of this notice. All claims must be postmarked no later than [INSERT DATE].

**3.  <u>Exclude Yourself from the Settlement</u>**

If you ask to be excluded from the Settlement (or "opt-out"), you will not receive a payment from the Settlement Fund or any other benefits of the Settlement and will not be bound by the Settlement. The Settlement will not affect the legal rights of anyone who timely opts out of the Settlement.

To exclude yourself from the Settlement by opting out, you must mail a written statement to the settlement administrator at: [INSERT ADDRESS].

**For more information, please visit [INSERT WEBSITE] or call [INSERT CALL CENTER NUMBER].**

**Exhibit 1 to Decl. of Myers, Page 22 of 27**

The statement to exclude yourself must contain: (1) your name, (2) your signature, (3) your address, and (4) the following written request: "I wish to be excluded from the Settlement in the matter of *Woody et. al. v. Fred Meyer Stores, Inc*." You cannot opt out of the Settlement and also object to the Settlement.

The deadline to opt out is 30 days from the date of this notice. All requests to opt out must be postmarked no later than [INSERT DATE].

**4.     File an Objection to the Settlement**

You may object and tell the Court why you do not want the Settlement to be approved. If the Court approves the Settlement despite your objection, you will still receive a payment from the Settlement Fund and will be bound by the Settlement, including the release of legal claims described above.

To object to the Settlement, you must file a written objection with the Court and mail a copy to the settlement administrator. To file your objection, you must mail it to the Clerk of the United States District Court at: Mark O. Hatfield U.S. Courthouse, 1000 SW Third Avenue, Portland, Oregon 97204. You must send a copy of the objection to the settlement administrator at: [INSERT ADDRESS].

Your objection must contain: (1) your name, (2) your signature, (3) your address, (4) a statement that you want to object to the Settlement in the matter of *Woody et. al. v. Fred Meyer Stores, Inc.*, Case No. 3:22-cv-01800, and (5) a statement setting forth the factual and legal bases for any objections you wish to relay to the Court. Your objection should state in detail the specific reason for each objection and any legal support for each objection. If you wish, you may also enter an appearance in this case through your own attorney. An appearance through an attorney is not necessary to object to the Settlement.

The deadline to object is 30 days from the date of this notice. All written objections must be filed with the Court no later than [INSERT DATE] and mailed to the settlement administrator with a postmark no later than [INSERT DATE].

| FINAL SETTLEMENT APPROVAL HEARING |
|---|

The Court has preliminarily approved the Settlement as fair, reasonable, and adequate. The Court will hold a hearing to determine whether the Settlement should be approved as final. The hearing is currently scheduled to be held in the courtroom of The Honorable Marco A. Hernández, Room 1307 at 1000 SW Third Avenue, Portland, Oregon 97204, on [INSERT DATE], 2024, at [INSERT TIME]. The date, time, and location of the hearing may change without further notice to you.

It is not necessary for you to appear at the hearing unless you have timely filed an objection to the Settlement and wish to be heard by the Court with respect to your objection.

| ADDITIONAL INFORMATION |
|---|

This notice provides only a summary of the terms of the Settlement. You can obtain a complete copy of the settlement agreement at [INSERT WEBSITE]. If you have questions about the Settlement, you may call the settlement administrator at [INSERT CALL CENTER NUMBER].

**Please do not contact the Court about the Settlement.**
**The Court will not be able to assist you.**

**For more information, please visit [INSERT WEBSITE] or call [INSERT CALL CENTER NUMBER].**

- 5 -

**Exhibit 1 to Decl. of Myers, Page 23 of 27**

# EXHIBIT 2

# PRELIMINARY APPROVAL ORDER

**Exhibit 1 to Decl. of Myers, Page 24 of 27**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| SAMANTHA WOODY, APRIL ALLEN, DELIA CRUZ, CANDICE TRENT, and NICOLE URVINA,<br><br>Plaintiffs,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>Defendant. | Case No. 3:22-cv-01800-HZ<br><br>**[Proposed] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

This matter having come before the Court on the Unopposed Motion For Preliminary Approval of Settlement ("Motion") filed by Plaintiffs Samantha Woody, April Allen, Delia Cruz, Candice Trent, and Nicole Urvina (collectively "Plaintiffs"), and the Court having considered the filings in support of the Motion and heard argument of counsel for Plaintiffs and Defendant Fred Meyer Stores, Inc. ("Defendant") (collectively "the Parties") at a hearing on _____, 2024;

///

///

Page 1 -   ORDER GRANTING UNOPPOSED MOTION FOR
           PRELIMINARY APPROVAL OF SETTLEMENT

BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

Exhibit 1 to Decl. of Myers, Page 25 of 27

NOW HEREBY ORDERS THE FOLLOWING:

1.      The Court grants preliminary approval of the settlement upon the terms set forth in the settlement agreement attached as Exhibit 1 to the Motion.

2.      The Court finds that the settlement is presumptively valid, subject to any objections that may be raised at the final approval hearing. The settlement appears to be fair, reasonable, and adequate to the proposed class.

3.      The Court orders that the class as defined in the settlement agreement is preliminarily certified, for settlement purposes only, and that this action be maintained as a class action pursuant to Fed. R. Civ. P. 23.

4.      The Court approves the notice attached as Exhibit 2 to the Motion. The Court directs that the notice be mailed to the class in substantially the same form as attached to the Motion. The Court finds that the procedures and dates selected for the mailing of the notice, and the compilation of claims forms and opt-outs, and filing of objections with the Court, as set forth in the settlement agreement, satisfy requirements of due process and provide the best notice practicable under the circumstances.

5.      Plaintiffs are appointed as class representatives and their service award is preliminarily approved, subject to final approval by the Court after notice to the class and opportunity for opt-outs and objections.

6.      Plaintiffs' counsel at the law firm of Bennett Hartman, LLP, is appointed as class counsel and its attorney fees and costs are preliminarily approved, subject to

Page 2 -   ORDER GRANTING UNOPPOSED MOTION FOR
           PRELIMINARY APPROVAL OF SETTLEMENT

final approval by the Court after notice to the class and opportunity for opt-outs and objections.

7.    Rust Consulting, Inc., is appointed as settlement administrator and its costs are preliminarily approved, subject to final approval by the Court after notice to the class and opportunity for opt-outs and objections.

8.    The Court sets a final fairness hearing for _____, 2024, at _____ a.m./p.m.

Dated:

_____
Hon. Marco A. Hernández
United States District Court Judge

Page 3 -  ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT

BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

**Exhibit 1 to Decl. of Myers, Page 27 of 27**